JESTON E. KNIGHT and MARY KNIGHT, his wife, *v.* FRANK
E. HALEY, a Justice of the Peace of the State of
Delaware.

(*December* 15, 1934.)

LAYTON, C. J., RODNEY and REINHARDT, J. J., sitting.

*Marguerite Dugan Bodziak* for petitioners.

*Borton and Melson* and *Clair J. Killoran* for respondent.

Superior Court for New Castle County, November Term, 1934.

LAYTON, C. J., delivering the opinion of the Court:

The petitioners seek a writ of prohibition to compel the respondent, a Justice of the Peace, to refrain from proceeding with an action brought before him against the petitioners, as holding over tenants after notice, under the provisions of *Chapter* 123, *Revised Code* 1915 (*Section* 4066, *et seq.*), relating to forcible entry, detainer and holding over.

A rule to show cause was issued. No return, or answer, was made by the respondent, and the cause is before the Court upon a motion to dismiss the petition. All material and well pleaded averments of the petition are, therefore, admitted. *50 C. J.* 705; *22 R. C. L.* 31.

It appears from the petition that the petitioners were the former owners of a certain apartment building in the city of Wilmington subject to a mortgage; that the mortgage was foreclosed and the property bid in by Delaware Mortgage Investment Company, the mortgagee, who received a deed therefor from the Sheriff; that no writ of possession was asked for or obtained, and the petitioners, mortgagors, remained in possession; that in November, 1931, after the foreclosure, Delaware Mortgage Investment Company contracted in writing to sell the property to the petitioners, then in possession, for an agreed sum to be paid in monthly installments of purchase price and interest on mortgages, upon condition that if the petitioners should default in the monthly payments for a period of forty-five days all money theretofore paid should be considered forfeited, the petitioners to surrender possession upon ten days' written notice.

The contract of sale, made a part of the petition, discloses no provision for the establishment of the status of landlord and tenant upon default by the vendees, nor is that relation, in any manner, suggested.

After default by the petitioners, vendees in possession under the contract, the vendor instituted its action before the respondent against them as holding over tenants. The statement of claim required to be filed by express provision of the statute is made a part of the petition. This statement sets forth generally the contract of sale, persistent neglects and refusals to make the agreed monthly payments of purchase price and interest, the termination and cancellation of the contract by the vendor in September, 1933; the allegation that the defendants, since the date of cancellation, have remained upon and occupied the premises as tenants at will, followed by averments that notice in writing was given the petitioners as required by law for the termination of leases of the same term, period, duration and

character as the lease between the parties, requiring them to remove from the premises on or before a certain date, and refusal to deliver possession although the term had ended.

It is also alleged that, upon conclusion of the plaintiff's case before the Justice of the Peace, the defendants there, these petitioners, moved to dismiss the proceedings on the ground that the justice did not have jurisdiction of the cause, and a refusal of the motion; that the petitioners have no other adequate remedy for the reason that the statutes do not provide for an appeal, and that *certiorari* does not operate as a supersedeas. Irremediable loss and damage is averred to follow unless the respondent shall be prohibited.

The petition attacks the jurisdiction of the respondent specifically upon two grounds, the first of which is, that under the statute, *Section* 4069, a writ of summons shall not issue upon a complaint of forcible detainer merely, after the tenant has been in continued possession of the premises for two years. The second is, that as it appears that the plaintiff in the proceeding before the respondent had never been in actual possession, the respondent has no jurisdiction, for the jurisdiction is limited to cases where one seeks to be restored to possession.

While it may be doubted that either of the grounds specifically alleged, of itself, would be sufficient to establish a lack of jurisdiction in the respondent with respect to the particular proceeding before him, to arrive at a proper conclusion, it is not necessary to determine the existence or non-existence of jurisdiction upon either of the grounds alleged, although the respondent suggests that this course should be pursued; for the allegations of the petition are sufficient to bring before the Court the broad question of jurisdiction, outside of and beyond the specific grounds alleged, and, in furtherance of justice, this question will

be considered, although it has not been presented with the precision which good pleading requires.

The remedial section of the chapter, 4067, provides: "When any forcible entry shall be made, or when possession shall be unlawfully held by force, and also when the lessee, or tenant, of any house, lands, or tenements, or any person holding under him, shall hold possession of the premises, without right, the person entitled to the premises may be restored to the possession thereof, as hereinafter provided." The proceeding before the respondent was instituted against the petitioners as tenants holding possession after notice; consequently, all that will be said must be confined to the exact jurisdictional question presented by the statement of claim, that is, whether the status of landlord and tenant was shown therein.

■ The summary process for the possession of lands is of very limited scope. The only ground on which it can reasonably be contended that the respondent had jurisdiction to issue a writ of summons is that the defendants before him were tenants holding possession without right after the determination of the agreement or consent. *Washburn v. White,* 197 *Mass.* 540, 84 *N. E.* 106. The proceeding is a special statutory proceeding, summary in its nature, and in derogation of the common law. The statute must be strictly construed and pursued, and the court of a justice of the peace must be considered and treated as one of special and limited jurisdiction. *City of Chicago v. Chicago S. S. Lines,* 328 *Ill.* 309, 159 *N. E.* 301.

■ No other authority, except the statute itself, would seem necessary to sustain the proposition that the usual and ordinary, or as it is termed, the conventional relation of landlord and tenant must exist as a foundation for the statutory action. The form of the statement required by the statutes makes it necessary to aver that the plaintiff "had demised" the premises, "for such a term (stating how

long) :..... under rent." *Section* 4068. By *Section* 4080, "any contract, or consent, pursuant to which a tenant shall enter into possession of premises under an agreement to pay, or render, rent therefor, shall be deemed a demise. * * *" It is true that tenancies at will are included within the scope of the statutes, but it is not to be supposed that the statutes include any such tenancies except those created in a conventional way under an agreement to pay, or render, rent.

However, apart from the express language of the statutes, there is ample authority to support the conclusion that a vendee in possession of premises under a contract of purchase, upon default, is not a tenant, in the absence of a statute creating that relationship, or in the absence of a provision in the contract creating that relationship. In *Mariner v. Burton's Adm'r, 4 Harr.* 69, it was held that *assumpsit* for use and occupation will not lie against a person who entered into possession as a purchaser, though the contract of purchase be rescinded and the premises recovered back in ejectment, the Court saying, that there was nothing in the case from which a promise could be implied to pay rent, and that the relation of landlord and tenant never existed, nor was there any contract to pay rent. In *Redden v. Barker, 4 Harr.* 179, it was held that a person who enters into possession under a contract of purchase, cannot be held liable for rent, unless there is an express promise to pay rent if the condition of the contract be not performed, the court saying that the character of purchaser excludes that of tenant.

While, by statute, *Section* 4547, a remedy *in assumpsit* for use and occupation is now given in certain cases against defaulting vendees in possession under a contract of purchase, yet, the remedy by distress is not available to the vendor on the theory of the existence of the relationship of landlord and tenant between the parties to the contract

after default, at least in the absence of agreement to that effect, summary process being denied in the absence of actual demise. *Banta v. Carroll W. Griffith Co.,* 6 *W. W. Harr.* (36 *Del.*) 98, 171 *A.* 450.

In *Dakin v. Allen,* 8 *Cush.* (*Mass.*) 33, Chief Justice Shaw said that the statute providing for a summary process, in the case of the holding over of a tenant without right, refers to the case of a lessee and an actual demise. He observed that one who is in possession of land under a contract of sale is in a certain sense a tenant at will, just as a mortgagor is tenant at will to the mortgagee, because he may enter upon him and eject him, if he can do it peaceably, or maintain a real action on his title, and also in another respect he is like a mortgagor, he is under no obligation to pay rent, unless upon an express agreement. In *Maxham v. Stewart,* 133 *Wis.* 525, 113 *N. W.* 972, it was held that a tenancy at will or by sufferance created by implication of law from the relation of the parties and not created by agreement, must be terminated by ejectment and not under the statute giving a remedy for unlawful detainer. To the same effect are *Ballow v. Motheral,* 5 *Baxt.* (64 *Tenn.*) 600; *Washburn v. White, supra; Barrell v. Britton,* 244 *Mass.* 273, 138 *N. E.* 579, 28 *A. L. R.* 1065; *Francis v. West Va. Oil Co.,* 174 *Cal.* 168, 162 *P.* 394; *Hauser v. Morrison,* 146 *N. C.* 248, 59 *S. E.* 693.

In *Willis, et al., v. Eastern Trust & Banking Co.,* 169 *U. S.* 295, 18 *S. Ct.* 347, 353, 42 *L. Ed.* 752, it was held that a mortgagor in possession, after default under a mortgage giving the mortgagee a right of entry on breach of the condition, is not the mortgagee's tenant in such sense as to enable the latter to maintain a summary action of forcible entry and detainer. The case is of interest in that the remedial section of the statute there considered is substantially our own. The Court, citing and commenting upon many decisions, especially those of Massachusetts, said,

"Considering the terms of the act of congress, the settled construction, before the passage of that act, of the statute of Massachusetts from which it appears to have been taken, and the general course of decision in this country under statutes on the same subject, the reasonable conclusion is that, in order to sustain this form of proceeding, the conventional relation of landlord and tenant must exist, or have existed, between the parties," and observed that the plaintiff must be left to the appropriate remedy of a writ of ejectment or a bill of foreclosure. A discussion of the principle will be found in the following text books: *Tiffany, Land. & Ten.* 309; *Taylor, Land. & Ten.* 38; *Jones Land. & Ten.*, § 563; 35 *C. J.* 960; 36 *C. J.* 617, *et seq.*; 66 *C. J.* 1342; 16 *R. C. L.* 546; 27 *R. C. L.* 541.

Jurisdiction, being the right and authority to hear, determine and decide, it is clear that the respondent had, and has, no jurisdiction of the subject matter of the complaint before him for the reason that the statement of claim discloses that the petitioners were not tenants holding over after notice.

As the writ of prohibition is an extraordinary writ, not issuable generally as of right, but under the rules peculiar to the remedy, and not in every case in which the inferior tribunal acts without, or in excess of its jurisdiction, something needs to be said with respect to the general law of the subject, especially in the light of the respondent's contention that the writ ought not to issue.

A writ of prohibition is a writ to prevent the exercise by a tribunal, possessing judicial powers, of jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance. 22 *R. C. L.* 2; and in *Clendaniel v. Conrad,* 3 *Boyce* (26 *Del.*) 549, 83 *A.* 1036, *Ann. Cas.* 1915B, 968, it is said that the sole purpose of the writ is to keep an inferior court within the limits of its jurisdiction. While the writ should be

used with caution and only in cases of great necessity, and not in doubtful cases, yet narrow, technical rules should not govern its use; nor should the scope of the remedy be abridged, as it is better to prevent the exercise of unauthorized power than to be driven to the correction of error after it has been committed. 22 *R. C. L.* 5. It is a discretionary writ in the sense that it will not issue where the facts do not appear to justify the resort to such remedy, as where there is another adequate remedy available, or where the question of jurisdiction is doubtful; but where it is clear that the court whose action is sought to be prohibited has no jurisdiction of a cause originally, or in some collateral matter arising therein, a party who has objected seasonably to the jurisdiction and has no other remedy is entitled to the writ as a matter of right. *In re Rice,* 155 *U. S.* 396, 15 *S. Ct.* 149, 39 *L. Ed.* 198. The judicial wrong or fault necessitating the writ does not mean an infraction of personal rights only, but rather an offending by the court by the assumption of unauthorized power. *State v. Tracy,* 237 *Mo.* 109, 140 *S. W.* 888, 37 *L. R. A. (N . S.)* 448. Whether there is another available adequate remedy must be determined by the facts of each case. There is no general rule or test to be applied. However, when an infringement of property rights is incidental to the action of the court and no adequate remedy by appeal, or otherwise, is available, the writ of prohibition may issue. 22 *R. C. L.* 11. Where the inferior court has jurisdiction of the person and subject matter, prohibition does not lie to prevent an erroneous decision, 50 *C. J.* 678; nor can it be assumed that any tribunal will act in a matter over which it has no jurisdiction, and until it does some act, as, when, upon challenge to its jurisdiction having been made, it overrules the objection, or otherwise expressly or by necessary implication announces its purpose to proceed, prohibition will not lie. 22 *R. C. L.* 29.

 The Superior Court, in this state, has inherent power to issue the writ in a proper case. *Fouracre v. White,* 7 *Boyce* (30 *Del.*) 25, 102 *A.* 186.

 The contentions of the respondent are to be tested by these general principles. He contends that the subject matter of the complaint is within the jurisdiction of the respondent, and that being so, the writ will not lie to prevent an inferior court from making an erroneous decision. The fallacy of this is in the premise that the respondent has, or ever had, jurisdiction. The plaintiff exhibited to the respondent a statement of claim against the petitioners charging them as tenants holding over, but the averments of the statement showed that they had not that status. Calling the defendants there tenants at will did not make them such. The foundation of the respondent's right to proceed lay in the presentment to him of a state of facts showing the conventional relationship of landlord and tenant between the parties. The statement of claim disclosed that this relationship did not exist, and never had existed. It is not a case of mere defective pleading in a matter of which the respondent had jurisdiction. The error of the respondent was not merely in a wrong decision in a matter in which he had jurisdiction. His fundamental error was in assuming to act at all. The case of *People ex rel. Bean v. Russell,* 49 *Barb.* 351, cited and relied upon by the respondent, is not opposed, for there the inferior court had jurisdiction over the subject matter. The same may be said of *Missouri, Kentucky & T. R. R. Co. v. Smith,* 154 *Mo.* 300, 55 *S. W.* 470, and no one would undertake to deny the principle laid down in *Jones v. Charles Warner Co.,* 2 *Boyce* (25 *Del.*) 566, 83 *A.* 131, *Johnson v. State,* 6 *Penn.* (22 *Del.*) 450, 67 *A.* 785, and *Pefkaros v. Harman* (*Del. Ch.*), 174 *A.* 124, that within the limits of his jurisdiction the authority of a justice of the peace is complete for all purposes.

The respondent also contends that the petitioners have a remedy by writ of *certiorari* which is complete and adequate. The remedy by this writ, with respect to the summary remedies given by *Chapter* 123, is expressly circumscribed and limited by *Section* 18 of that chapter (*Section* 4083) in that it "shall not be a supersedeas to the issuing, or executing, a warrant for delivering possession."

In these summary proceedings there is no appeal, and clearly the remedy by writ of *certiorari* is neither adequate nor complete. See *Pefkaros v. Harman, supra.* It does not operate to stay the execution of a writ of possession. The result is that no matter how unauthorized or unlawful the proceedings of the justice may be, or however glaringly the lack of jurisdiction may be shown on the face of the record, yet, a writ of possession may be issued and executed, and the defendant ousted from possession, to his loss and damage, notwithstanding that he may have proceeded with the utmost promptness to have the judgment reversed by a writ of *certiorari.*

It has been said that whether other remedies are adequate rests in the sound discretion of the court which may consider properly the expense, inconvenience and delay incident to the pursuit of the remedy. 50 *C. J.* 686; and in *Conn. River R. R. Co. v. Com'rs,* 127 *Mass.* 50, 34 *Am. Rep.* 338, it not appearing that a writ of *certiorari* did not operate as a stay, the court, in answer to the contention that the remedy by writ of certiorari was available and that a writ of prohibition ought not, therefore, to issue, said there was no reason to refuse the writ and thereby subject the petitioner to the trouble, expense and delay of a trial before a tribunal having no jurisdiction, and to whose jurisdiction the petitioner had objected. See 50 *C. J.* 682.

To whatever length the courts have gone in refusing to deny the writ of prohibition where some other

remedy was available, it suffices to say that where, as here, there is no remedy by appeal, and where the remedy by *certiorari* does not operate to stay the execution of a warrant of possession, a just discretion not only warrants, but compels, the conclusion that there is no other adequate remedy.

The petitioners have shown themselves entitled to the writ prayed for. The rule is made absolute, and it is ordered that a writ of prohibition issue.