GOCHENOUR *v.* HERDERICK ET AL., FRANKLIN COUNTY RURAL ZONING BOARD OF APPEALS.

(No. 5199—Decided December 7, 1954.)

*Messrs. Powers, Griffith & Jones,* for relator.
*Mr. Frank H. Kearns,* prosecuting attorney, and *Mr. Paul W. Martin,* for respondents.

MILLER, J. This is an action in prohibition originating in this court, in which the defendants have demurred on the ground that the petition does not state facts which show a cause of action. It, therefore, becomes necessary to look to the petition, which reads as follows:

"Now comes the plaintiff, David E. Gochenour, and says that he is now and has been since March, 1946, the owner and operator of a business known as 'Ed's Meats' located at 1038 Harrisburg Road, in Franklin Township, Franklin County, Ohio. One of the incidents of said business is the killing and slaughtering of animals and poultry. . Said business of killing and slaughtering animals and poultry was commenced prior to the

adoption of the Franklin County Zoning Resolution which became effective on November 12, 1948, and the plaintiff has operated said business in compliance with the zoning laws as a nonconforming use since that date.

"Plaintiff further says that Edward Herderick, Lewis Lobb, H. W. Warner, Charles Roberts and F. E. Campbell are the duly appointed authorized and acting members of the Franklin County Rural Zoning Board of Appeals created by Section 303.13 of the Revised Code of Ohio.

"Plaintiff further says that in the latter part of 1948 or in the early part of 1949 the plaintiff filed with the Franklin County Building Department a certificate of occupancy showing that the premises at 1038 Harrisburg Road were used for slaughtering and killing purposes as a non-conforming user. Said certificate of occupancy was accepted and filed by the Franklin County Building Department and a duplicate copy of the certificate of occupancy was filed with the zoning commission. Plaintiff did everything required by law for him to do to protect his non-conforming use of the premises at 1038 Harrisburg Road.

"Plaintiff further says that on or about the 29th day of October, 1953, Richard W. Quelette and the Willson Heights Civic Association filed an action, Case No. 188585, in the Common Pleas Court of Franklin County to enjoin the plaintiff herein from continuing the business of slaughtering and killing animals and poultry on the premises known as 1038 Harrisburg Road. Said action is based upon three separate causes of action, one of which is a claim that the plaintiff herein has violated the Franklin County Zoning Regulation. The court has dismissed the Willson Heights Civic Association as a party in that suit and the issues are made up and that case is ready for trial.

"Plaintiff further says that by a letter dated March 25, 1954, the said Richard W. Quelette and John L. Quelette requested the chief of the Franklin County Building Department to determine whether or not the plaintiff herein was a valid non-conforming user. Said request was made for the purpose of putting this matter of a non-conforming use be-

fore the Board of Zoning Appeals long after any right of appeal had passed. At the request of the said Richard W. Quelette and the said John L. Quelette the chief of the Franklin County Building Department wrote a letter to the Quelettes in which he stated that the plaintiff herein had a valid non-conforming use. Shortly thereafter the said Richard W. Quelette and John L. Quelette filed a notice of appeal to appeal the matter to the Franklin County Zoning Board of Appeals. The Franklin County Rural Zoning Board of Appeals has set the hearing of said alleged appeal for the 18th day of October, 1954.

"Plaintiff further says that said Franklin County Rural Zoning Board of Appeals has no jurisdiction to hear alleged appeal for the following reasons:

"(1) The Franklin County Rural Zoning Board of Appeals has no jurisdiction to hear any matter concerning the existence of a non-conforming use since Section 303.19 of the Revised Code removes the non-conforming user from the application of the zoning laws and restricts the Board of County Commissioners from in any way regulating the lawful continuation of a non-conforming use.

"(2) The time prescribed by statute for appeal has passed. The letter written by the chief of the Franklin County Building Department at the request of Richard W. Quelette and John L. Quelette was not a 'determination' such as the statute contemplates as a necessary predicate for an appeal.

"If any 'determination' is made concerning a non-conforming use it is the acceptance and filing of the certificate of occupancy and time for appeal will run from that date. The alleged appeal is a fictional appeal based solely upon an artifice and is an attempt to circumvent the statute.

"(3) The issues in this case are now before the Court of Common Pleas in case number 188585. The issues in that case are exactly the same as they are in the attempted appeal and further the parties represent the same interests. The Common Pleas Court thereby has gained exclusive jurisdiction of the matter in question and the Franklin County Rural Board of Zoning Appeals, a body inferior to the Court of Common Pleas may not exercise any jurisdiction that it may have had.

"Plaintiff further says that unless the Franklin County Board of Zoning Appeals is prohibited from hearing the said appeal the plaintiff herein will be injured in the following ways for which there is no adequate remedy at law or equity:

"(1) The plaintiff herein is forced to stand trial before a body which has no jurisdiction to hear the matter in question. This fictional appeal was filed for the purpose of gaining publicity for the appellants and injuring the plaintiff herein and the hearing of said appeal by the Board of Zoning Appeals would result in irreparable injury to the plaintiff's business.

"(2) There is no speedy or adequate appeal from a decision of the Board of Zoning Appeals in that an appeal may be taken on questions of law only.

"(3) The plaintiff is being forced to defend a multiplicity of suits in that all issues that could properly be raised before the Board of Zoning Appeals are before the court in the Common Pleas Court case and will be disposed of there.

"Wherefore, plaintiff prays for an alternative writ of prohibition against Edward Herderick, Lewis Lobb, H. W. Warner, Charles Roberts and F. E. Campbell, as members of the Franklin County Rural Zoning Board of Appeals, hearing and passing upon the appeal of Richard W. Quelette and John L. Quelette and that upon final hearing hereof such writ be made perpetual, and for his costs herein."

The defendants concede in their brief that the jurisdictional questions raised constitute mixed questions of law and fact which may not be properly passed upon at this time. They do contend, however, that the demurrer should be sustained for the reason that the plaintiff has an adequate remedy at law, citing Section 303.15, Revised Code, the pertinent part of which provides:

"Any party adversely affected by a decision of a board of zoning appeals may appeal to the Court of Common Pleas of such county, on the ground that the decision was unreasonable or unlawful. The court may affirm, reverse, vacate, or modify the decision complained of in the appeal."

The law seems to be well established that the writ of prohibition is a high prerogative writ to be used with great caution

in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy. *State, ex rel. Nolan,* v. *ClenDening,* 93 Ohio St., 264, 112 N. E., 1029; *State, ex rel. Harrison,* v. *Perry,* 113 Ohio St., 641, 150 N. E., 78; *State, ex rel. Geyer,* v. *Collopy,* 152 Ohio St., 485, 90 N. E. (2d), 370.

The only question, therefore, presented is whether the statutory right to appeal from an order made by the Board of Zoning Appeals affords the plaintiff herein a complete and adequate remedy either in law or in equity. The plaintiff urges that the right of appeal is not adequate for the following reasons:

(1) The appeal to the board is purely fictional, being not seriously filed, but filed for "the purpose of gaining publicity for the appellants and injuring the plaintiff herein and the hearing of said appeal by the Board of Zoning Appeals would result in irreparable injury to the plaintiff's business."

(2) That the appeal from the board may be taken on questions of law only, which is not adequate.

We are of the opinion that the first reason advanced by the plaintiff is adequate to support his contention. It is to be noted that the plaintiff is engaged in a retail business and that any publicity tending to create ill will towards him would be detrimental to his business, the amount of which injury could not be ascertained.

The second ground advanced by the plaintiff, we do not think is well taken for even though the appeal may be had on questions of law only, the decision may be reversed on appeal if it is found to be unlawful, which it would be if the board exceeded its jurisdictional powers.

The defendants have also filed a motion to vacate and set aside the alternative writ of prohibition previously entered, citing *Marsh* v. *Goldthorpe, Mayor,* 123 Ohio St., 103, 174 N. E., 246. In that case the statement is made that the allowance of an alternative writ does not operate as a temporary injunction to restrain further action in the tribunal against which relief is sought. We do not have such a question here for this court on October 14, 1954, made the following order:

"It is ordered that defendant-respondents be, and are, re-

strained from hearing and deciding said appeal until final decision and disposition of this action."

No bond was required and no facts have been presented showing the necessity for one. Prohibition differs from injunction in the fact that injunction is directed only to the parties litigant, while prohibition is directed to the court itself. *State, ex rel. Firestone Tire & Rubber Co.,* v. *Duffy,* 114 Ohio St., 702, 152 N. E., 656. The laws relating to injunctive relief are, therefore, not applicable to this proceeding. The purpose of the order issued by this court was to preserve the existing status of this proceeding until it was determined whether a permanent writ should be granted. A writ may not be granted after the tribunal against which the relief is sought has acted. *Marsh* v. *Goldthorpe, supra.*

Both the motion and the demurrer will be overruled.

*Motion and demurrer overruled.*

WISEMAN, P. J., and HORNBECK, J., concur.