[Civ. No. 9837. Third Dist. Dec. 7, 1959.]

JUNE WILBORN, Petitioner, v. SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent.

Falk & Falk for Petitioner.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—This is a petition for a writ of mandate to compel the respondent court to dismiss an information charging petitioner, June Wilborn, with a violation of section 278 of the Penal Code (child stealing). The ground on which

the writ is sought is that petitioner has been denied her right to a speedy trial. (Cal. Const., art. I, § 13; Pen. Code, § 1382.)

The following is a brief history of this case:

1. On April 30, 1958, an information was filed charging petitioner with child stealing.

2. On May 5, 1958, a motion to set aside the information was denied by the trial court.

3. On May 12, 1958, a petition for a writ of prohibition was filed in this court.

4. On May 22, 1958, this court issued an alternative writ of prohibition.

5. On September 10, 1958, this court filed its opinion in the matter. The opinion was to the effect that the writ issue.

6. A petition for a hearing was granted by the Supreme Court.

7. On April 3, 1959, the Supreme Court filed its opinion denying the writ of prohibition. (No formal remittitur has ever been issued.)

8. On August 6, 1959, the clerk of the Supreme Court wrote to petitioner's attorney stating that the opinion of the Supreme Court was filed on April 3, 1959, and that no remittitur issues in an original proceeding.

9. On August 19, 1959, a certified copy of the opinion of the Supreme Court was filed in the trial court and the case was restored to the trial calendar.

10. On August 28, 1959, petitioner made a motion to dismiss the information on the ground that she had not been brought to trial within 60 days of the time the decision of the Supreme Court became final. This motion was denied and the cause set for trial on September 29, 1959. On this date, August 28, 1959, the letter from the clerk of the Supreme Court to petitioner's attorney was filed with the trial court.

11. On September 21, 1959, this petition was filed in this court.

12. On September 23, 1959, this court issued an order to show cause why the writ of mandate should not issue. At the same time an order staying proceedings of the trial court until further order of this court was issued.

Section 1382 of the Penal Code provides in part:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the finding of the indictment, or filing of the information, or in case a new trial is to be had following an appeal from the superior court within 60 days after the filing of the remittitur in the trial court."

Rule 25 of the Rules on Appeal provides in part:

"(a) ... A remittitur shall issue after the final determination of any appeal, or of any original proceeding in review in which an alternative writ or order to show cause has been issued. Unless otherwise ordered, the clerk of the Supreme Court shall issue the remittitur when a judgment of that court becomes final, and the clerk of a District Court of Appeal shall issue the remittitur 30 days after a judgment of that court becomes final therein. The remittitur shall be deemed issued on the clerk's entry thereof in the register, and shall be transmitted immediately, with a certified copy of the opinion, to the lower court or tribunal."

A decision of the Supreme Court ordinarily becomes final 30 days after the filing of the decision. Therefore the decision in the proceeding in prohibition became final on May 3, 1959. It is conceded that the Superior Court of Humboldt County and the district attorney of Humboldt County were advised of the decision of the Supreme Court. However, the attorney general argues that the superior court was not officially advised by way of remittitur as to the disposition of the matter and that the trial court did not abuse its discretion when it did not set the case for trial until after it had received an official notification from the Supreme Court of its decision.

It would thus appear that both the district attorney and the trial court were awaiting the filing. of a remittitur, although they knew that the decision of the Supreme Court was final. However, as appears from the letter of the clerk of the Supreme Court, no remittitur issues in an original proceeding such as this and therefore no remittitur was issued. We must therefore assume that rule 25, as construed and applied by the Supreme Court, did not require the filing of a remittitur in this case and that the decision of the Supreme Court became final on May 3, 1959.

The proceeding in prohibition had not divested the trial court of jurisdiction of the cause. The stay order had however operated to stay action. When the Supreme Court's decision became final, the stay was lifted and the court was free to proceed.

 When a defendant has not consented to a continuance of a cause against him, and the prosecution fails to show good cause therefor, upon motion of the accused person it is mandatory upon the court to dismiss the action when more than 60 days have elapsed without bringing the case to trial. Under such circumstances the court has no discretion to deny the motion. (*Matter of Ford,* 160 Cal. 335, 339 [116 P. 757, Ann. Cas. 1912D 1267, 35 L.R.A. N.S. 882] ; *People* v. *Morino,* 85 Cal. 515 [24 P. 892].) Article I, section 13, of the Constitution of California guarantees an accused person a speedy trial. That constitutional provision is construed by section 1382 of the Penal Code to limit the time within which the trial must be had to a period of 60 days, unless by the defendant's conduct or acquiescence he consents to extend that time, except when the business of the court, the illness of the judge, or some other good reason for delay prevents the trial during that period of time. In the case of *Ford* v. *Superior Court,* 17 Cal.App. 1, it is said at page 4 [118 P. 96] :

" 'The statute is a construction of the constitutional provision so far as to indicate what is a reasonable time within which the case should be brought to trial in order that the constitutional guaranty may be kept; and it may be fairly interpreted to mean that this guaranty is violated whenever sixty days is allowed to elapse without a trial, there being no good reason for delay and the defendant not consenting thereto. . . . It is sufficient for the defendant, in order to make out his case upon a motion for a dismissal in the trial court, to show that he has been detained without a trial for more than sixty days. . . .' "

 We believe that the trial court erred in denying defendant's motion to dismiss the information. The well-settled rule is stated in *Herrick* v. *Municipal Court,* 151 Cal.App.2d 804, at page 807 [312 P.2d 264], as follows:

"When it has been established that a defendant in a criminal proceeding, who has not waived time, has not been tried within the 30-day period, the action must, upon his motion, be dismissed, unless good cause existed for the delay. The burden of proving that good cause exists is upon the prosecution. (*People* v. *Morino,* 85 Cal. 515 [24 P. 892].)"

The only reason given for not bringing the instant case on for trial within the 60-day period is that the court, although knowing that the decision of the Supreme Court became final on May 3, 1959, entertained the mistaken belief that it did not have jurisdiction to proceed with the case until

a remittitur was filed. Apparently the district attorney was under the same impression for he made no effort to set the case for trial within the 60-day period. While this may explain why the case was not set for trial within the 60-day period, it cannot serve as a sufficient excuse for depriving petitioner of her constitutional and statutory right to a speedy trial.

Let a peremptory writ of mandate issue out of this court to the Superior Court of the County of Humboldt commanding and directing that the information be dismissed.

Van Dyke, P. J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 3, 1960.