The FAMILY COURT of the State of Delaware, Plaintiff-Petitioner,

v.

DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, Defendant-Respondent,

and

Council 81, American Federation of State, County, and Municipal Employees, AFL–CIO, Intervenor-Respondent.

Court of Chancery of Delaware, New Castle.

May 2, 1974.

Victor F. Battaglia of Biggs & Battaglia, Wilmington, for plaintiff-petitioner.

David K. Brewster, Deputy Atty. Gen., Wilmington, for defendant-respondent.

Harvey B. Rubenstein, Wilmington, for intervenor-respondent.

## OPINION AND ORDER ON MOTION TO DISMISS.

QUILLEN, Chancellor:

This is an action for declaratory judgment and injunctive relief brought by The Family Court of the State of Delaware (Family Court). The respondent is the Department of Labor (Department), an agency of the State of Delaware; and Council #81, American Federation of State, County, and Municipal Employees AFL–CIO (Council 81) is an intervening respondent. The issue presented is whether the Department has the jurisdiction under 19 Del.C., Ch. 13 to certify a bargaining representative for public employees with which a branch of the State Judiciary must collectively bargain.

The facts are not in dispute. On December 17, 1973, Council 81 filed a petition with the Governor's Council on Labor asking that a hearing be held for the purpose of certifying itself as the exclusive bargaining representative for certain classifications of employees of the Family Court.* 29 Del.C. § 8514(d). Anticipating the voluntary withholding of official action pending the resolution of this lawsuit, this Court denied temporary relief as requested by the petitioner. An administrative hearing was held at which the petition was accepted with the following exclusions: Judges, Judges' personal secretaries, court administrators, their personal secretaries, chief clerks of the court, all casual employees not employed more than 90 days, and all others not included specifically. Although the petitioner does not object in principle to collective bargaining, it has challenged the jurisdiction of the Department on two grounds. First, the petitioner contends that a branch of the State Judiciary is not a "public employer" as that term is defined at 19 Del.C. § 1301. Second, the petitioner contends that, if 19 Del.C., Ch. 13 is applicable to the Family Court, it is an unconstitutional invasion on the powers of the Chief Justice under Article IV, § 13 of the State Constitution, Del.C.Ann. At the suggestion of the Court the Secretary of the Department of Labor has held in abeyance the determination of the bargaining unit pending the outcome of this litigation.

█ Initially, I must consider whether the petitioner has an adequate remedy at law in the form of a writ of prohibition as the respondents contend. If such a remedy exists, this Court lacks the jurisdiction to determine the merits of this case. 10 Del. C. § 342. In effect, the respondents have moved to dismiss the complaint.

█ Article 4, Section 11(6) of the Constitution of the State of Delaware

---

* The following classifications were listed: process servers, telephone operators, receptionists, administrative assistants, bookkeeping machine operators, support officers, social service specialists, custodians, counselors, clerks, clerk typists, clerk stenos, senior clerks, bailiffs, secretaries, deputy clerks of court, account clerks, accountants.

grants to the Supreme Court the power to issue writs of prohibition to inferior courts. Abrahams v. Superior Court, 11 Terry 394, 131 A.2d 662 (Sup.Ct.1957). But the power in the Supreme Court is not exclusive. 10 Del.C. § 562 states that: "[t]he Superior Court may frame and issue all remedial writs, including writs of habeas corpus and certiorari . . ." See also Article 4, Section 7, Constitution of 1897, and Article 5, Section 3, Constitution of 1831. Although the power of the Superior Court to issue a writ of prohibition is not specifically mentioned either in the Constitution or the statute, it has been recognized that the Superior Court has the power to issue all common law writs including the writ of prohibition. Knight v. Haley, 6 W.W.Harr. 366, 376, 176 A. 461, 465 (Super.Ct.1934); Fouracre v. White, 7 Boyce 25, 48, 102 A. 186, 195–196 (Ct. in Banc 1917); 1 Woolley, Delaware Practice, § 17 (1906); Matushefske v. Herlihy, 9 Storey 117, 214 A.2d 883 (Sup. Ct.1965). For historical development, see also Rash v. Allen, 1 Boyce 444, 76 A. 370 (Ct. in Banc 1910); Carpentertown Coal & Coke Co. v. Laird, 360 Pa. 94, 61 A.2d 426 (1948).

Although the Superior Court may issue a writ of prohibition to an inferior court, the question arises whether such a writ may issue to an administrative body such as the Department of Labor. In Knight v. Haley, *supra,* 6 W.W.Harr. at 374, 176 A. at 464, Chief Justice Layton stated that a writ of prohibition may issue to a "tribunal, possessing judicial powers". This phrase is certainly of broad scope and could reasonably be taken to include administrative bodies exercising judicial or quasi-judicial functions. But the question has not been expressly determined by any Delaware case brought to the Court's attention. See Matushefske v. Herlihy, *supra,* (prohibition to a justice of the peace and the Court of Common Pleas); Bennethum v. Superior Court, 2 Storey 92, 153 A.2d 200 (Sup.Ct.1959) (prohibition to Superior Court); Canaday v. Superior Court, 10 Terry 332, 116 A.2d 678 (Sup.Ct.1955) (prohibition to Superior Court); Clendaniel v. Conrad, 3 Boyce 549, 83 A. 1036 (Sup.Ct.1910) (prohibition to Superior Court); Knight v. Haley, *supra,* (prohibition to a justice of the peace). One case in which prohibition was sought against a nonjudicial body is Fouracre v. White, *supra,* (prohibition to a body possessing executive powers, the Levy Court of New Castle County). Although the Court denied petitioner's application, it was there indicated that prohibition might issue not only to tribunals with judicial or quasi-judicial duties but to any body whose legal existence was merely a sham, irrespective of whether the act sought to be prevented was judicial or ministerial.

■ The general rule in other jurisdictions is that a writ of prohibition may issue to an inferior administrative body where that body is performing a judicial or quasi-judicial function. Annot. 159 A. L.R. 627 (1945); Annot. 115 A.L.R. 3 (1938); 63 Am.Jur.2d, Prohibition, § 15 (1972); 73 C.J.S. Prohibition § 6 (1951). Of particular application to our situation is In re First Congressional District Election, 295 Pa. 1, 144 A. 735 (1928) where it was held that:

> " 'The writ of prohibition lies from a superior court, not only to inferior judicial tribunals, but also to inferior ministerial tribunals, possessing incidentally judicial powers, and known as quasi-judicial tribunals.' . . . This writ is very generally used in other jurisdictions . . . it is an ancient common-law process employed by the Court of King's Bench in the exercise of its supervisory powers over subordinate tribunals . . . and the Supreme Court of Pennsylvania is possessed of the common-law powers of the Court of King's Bench, except where such powers have been taken from us by constitutional or statutory provisions." 295 Pa. at 13, 144 A. at 739.

Thus, the Pennsylvania Court held that the power to issue a writ of prohibition to an

administrative body was inherited from the common law courts of England. In Rash v. Allen, *supra*, 1 Boyce at 455–456, 76 A. at 374–375, it was held that the Superior Court of Delaware was possessed of the same jurisdiction and powers as were the English courts of King's Bench, Common Pleas, and Exchequer. See also Fouracre v. White, *supra*, 7 Boyce at 48, 102 A. at 195. Compare Pennsylvania Labor Relations Board v. Butz, 411 Pa. 360, 192 A.2d 707 (1963). I regard the holding of In re First Congressional District Election as stating a principle of law equally applicable in Delaware as it is in Pennsylvania. Thus, since the function exercised by the Department in the present case is of a quasi-judicial nature, a writ of prohibition may issue. See Hathaway Bakeries, Inc. v. Labor Relations Commission, 316 Mass. 136, 55 N. E.2d 254 (1944) where a writ of prohibition was issued to a Labor Relations Commission which had assumed jurisdiction to hear and decide a question of certification.

■ The question now becomes is this legal remedy an adequate one. If it is, its existence will deprive this court of jurisdiction. Chavin v. H. H. Rosin & Company, Del.Supr., 246 A.2d 921, 922 (1968); Tull v. Turek, 38 Del.Ch. 182, 191, 147 A. 2d 658, 664 (Sup.Ct.1958); DuPont v. DuPont, 32 Del.Ch. 413, 422–423, 85 A.2d 724, 729 (Sup.Ct.1951); 10 Del.C. § 342. It has been held that to be adequate the legal remedy must be available as a matter of right. In re Wife, K., Del.Ch., 297 A. 2d 424 (1972). The legal remedy must be full, fair and complete. Hughes Tool Company v. Fawcett Publications, Inc., Del.Supr., 315 A.2d 577, 579 (1974); Hitchens v. Millman, 18 Del.Ch. 404, 407, 162 A. 39, 40 (Ch. 1932). And it must be as practical to the ends of justice and to its prompt administration as the remedy in equity. Elster v. American Airlines, 34 Del.Ch. 94, 106, 100 A.2d 219, 226 (Ch. 1953); In re Wife, K., *supra.*

It is with these principles in mind that the current situation must be judged. A writ of prohibition is an extraordinary legal remedy, the issuance of which rests within the sound discretion of the Court. Like the writs of mandamus, certiorari, and quo warranto, it is termed prerogative writ. High, Extraordinary Legal Remedies, §§ 762, 765 (1874); 63 Am.Jur.2d, Prohibition, § 5. (1972); 73 C.J.S. Prohibition § 2 (1951).

■ In evaluating the sufficiency of the legal remedy, prerogative writs are somewhat awkward because of their own equitable nature. But such writs, despite their prerogative nature, are capable of affording complete and adequate relief to a petitioner, and, if such is the case, resort may not be had to a court of equity. See Harden v. Eastern States Public Service Company, 14 Del.Ch. 156, 122 A. 705 (Ch. 1923) (availability of mandamus); Smith v. Bourbon County, 127 U.S. 105, 8 S.Ct. 1043, 32 L.Ed. 73 (1888) (availability of mandamus); 27 Am.Jur.2d, Equity, § 96 (1966); 30 C.J.S. Equity § 31 (1965). Webb v. Diamond State Telephone Company, Del.Ch., 237 A.2d 143 (1967) does not state a contrary rule, the Vice Chancellor there having concluded mandamus to be an adequate remedy based on his analysis of the factual circumstances. Compare also Nathan v. Martin, et al., Del.Super., 317 A.2d 110 (1974).

Under certain circumstances the writ of prohibition is available as a matter of right:

"While the writ should be used with caution and only in cases of great necessity, and not in doubtful cases, yet narrow, technical rules should not govern its use; nor should the scope of the remedy be abridged, as it is better to prevent the exercise of unauthorized power than to be driven to the correction of error after it has been committed . . . It is a discretionary writ in a sense that it will not issue where the facts do not appear to justify the resort to such remedy, as where there is another adequate remedy available, or where the question of jurisdiction is doubtful; but where it is

clear that the court whose action is sought to be prohibited has no jurisdiction of a cause originally, or in some collateral matter arising therein, a party who has objected seasonably to the jurisdiction and has no other remedy is entitled to the writ as a matter of right." Knight v. Haley, *supra*, 6 W.W.Harr. at 374–375, 176 A. at 464–465.

■ The availability of an appeal is an important factor in determining this right. In the case at bar, the statute does not provide the petitioner with a remedy by way of an appeal from a decision of the Department. See 19 Del.C., Ch. 13. Moreover, such a remedy evidently is not constitutionally required. Darling Apartment Company v. Springer, 25 Del.Ch. 420, 428–429, 22 A.2d 397, 402 (Sup.Ct.1941). The right to have such a question reviewed by way of a petition for a writ of prohibition often depends upon the inadequacy of ordinary appellate review. Canaday v. Superior Court, *supra*, 10 Terry at 341, 116 A.2d at 683. Furthermore, it has been held that, where no right of an appeal exists, prohibition will lie to bar the lower court. Steigler v. Superior Court, Del.Supr., 252 A.2d 300, 303 (1969); Knight v. Haley, *supra*, 6 W.W.Harr. at 377–378, 176 A. at 466.

It therefore appears to this Court that petitioner has a right to a writ of prohibition, assuming of course that he can successfully establish the absence of jurisdiction in the Department. The right exists because the petitioner has asserted that the respondent is acting in excess of its jurisdictional power and because the petitioner has no remedy at law either by way of appeal or by any other legal remedy.

The next question is whether petitioner's legal remedy is full, fair, and complete, and as practical to the administration of justice as the remedy in equity. Petitioner's sole objection to the administrative proceedings is jurisdictional, and it is the thrust of his petition that the Department has attempted to assume power over matters not legally within its cognizance. It is for the cure of such objections that prohibition is peculiarly appropriate. See Matushefske v. Herlihy, *supra*, 9 Storey 120–121, 214 A.2d at 884–885; Canaday v. Superior Court, 10 Terry at 338–339, 116 A.2d at 681–682; Knight v. Haley, *supra*, 6 W. W.Harr. at 374–375, 176 A. at 464–465; Clendaniel v. Conrad, *supra*, 3 Boyce at 598, 83 A. at 1052–1053.

■ The Court finds somewhat disturbing the prospect that the respondent, an administrative agency, may potentially decide questions of its jurisdiction and not be subject to judicial scrutiny. If the remedy at law in the present case were unsure or uncertain, or burdened with procedural difficulties, this Court would retain jurisdiction. However, it seems clear to this Court that if the respondent is correct as to his interpretation of 19 Del.C., Ch. 13, he will be entitled to a writ of prohibition as a matter of right. Knight v. Haley, *supra*. Moreover, the remedy of prohibition can include the complete relief necessary to resolve the jurisdictional question presented "according to principles that govern injunctions in equity." Abrahams v. Superior Court, *supra*, 11 Terry 408–409, 131 A. 2d 670–671. In particular, the law court may issue an alternative or temporary writ of prohibition in order to preserve the existing status of the proceeding until it has determined whether a permanent writ should be granted. Gochenour v. Herderick, 99 Ohio App. 27, 30–31, 131 N.E.2d 228, 231–232 (1954); 73 C.J.S., Prohibition Sec. 28 (1951). See City of Los Angeles v. Superior Court, 51 Cal.2d 423, 429, 333 P.2d 745, 748 (Sup.Ct.1959); Scott v. Municipal Court, 17 Cal.App.3d 885, 95 Cal. Rptr. 460 (C.A.1971); Wilborn v. Superior Court, 175 Cal.App.2d 898, 1 Cal.Rptr. 131 (C.A.1960). At common law, a writ of prohibition could issue immediately but if the point was "too nice and doubtful to be decided merely upon a motion", then the party applying for the writ would be directed to file a declaration and the case would proceed to a further hearing. II

Sharswood, Blackstone's Commentaries, pp. 111–112 (1859) (The Commentaries were originally published between 1765 and 1770. I Sharswood, *supra*, A Memoir of Sir William Blackstone, p. xiv.) The same result can be described by the immediate issuance of a rule to show cause staying the proceedings in the tribunal below until the return of the rule and a decision as to whether the rule should be made absolute or discharged. 63 Am.Jur.2d, Prohibition, § 44, p. 276 ftnt. 69; Anno. 116 A.L.R. 659; Re Baiz, 135 U.S. 403, 10 S.Ct. 854, 34 L.Ed. 222 (1890). It is also apparent that petitioner's appellate rights will afford it a full and complete review of the Superior Court's decision, and that this review will concern itself with substance and will not be frustrated by matters of mere form. Compare Matushefske v. Herlihy, *supra*.

Finally, petitioner has cited Smith v. Delaware Coach Co., 31 Del.Ch. 256, 70 A.2d 257 (Ch.1949) and City of Wilmington v. Wakefield, Unreported opinion, New Castle County Civil Action No. 3762 (Ch., December 29, 1971) for the proposition that equity will take jurisdiction in a case such as this one. But these cases are distinguishable. In the first place, it should be noted that the *Smith* case deals with an equitable review of allegations that an administrative body has issued an order without complying with its own statutorily prescribed jurisdictional prerequisites. An injunction was sought to prevent enforcement of the order. It thus arose in a context somewhat different from the subject matter jurisdictional context of the present case. Secondly, both cases deal with the legal question of whether the statutory remedy at law, appeal from the agency to the Superior Court, bars the traditional equitable remedy on the basis that the legislature intended the statutory remedy to be exclusive. In the present case we are concerned not with a legal remedy newly created by statute but rather with a legal remedy which was available at common law and which is a recognized power of the law court of general jurisdiction of this state. The issue here is not one of statutory construction. Thirdly, it should be noted that in neither of the cited cases was it contended that prohibition was an adequate remedy at law. Moreover, both cases involved situations where an appeal was provided at law, so the availability of prohibition was questionable. Thus, neither case dealt with the proposition raised by the respondents in this case and this case is not governed by their authority.

I conclude that the Court of Chancery has no jurisdiction in this case. The case is therefore dismissed subject to plaintiff's right to transfer the case to the Superior Court under 10 Del.C. § 1901. The status quo shall be maintained until the matter is presented to the Superior Court or 5:00 P. M. on May 6, 1974 whichever occurs first. It is so ordered.