[Cite as *France v. Celebrezze*, 2012-Ohio-2072.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98147**

## JOHN FRANCE

RELATOR

vs.

## LESLIE ANN CELEBREZZE, JUDGE

RESPONDENT

**JUDGMENT:
AMENDED COMPLAINT DISMISSED**

Writ of Prohibition
Order No. 454404
Motion No. 454680

**RELEASE DATE:**     May 9, 2012

**ATTORNEY FOR RELATOR**

Natalie F. Grubb
437 W. Lafayette Road
Suite 260-A
Medina, Ohio    44256


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
BY:    David Lambert
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

**{¶1}** John France has filed an amended verified complaint for a writ of prohibition. France seeks an order from this court that prevents Judge Leslie Ann Celebrezze from exercising jurisdiction in *France v. France, et al.*, Domestic Relations Court of Common Pleas Case No. DR-005733. Specifically, France argues that the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") prevents Judge Celebrezze from deciding parental custody issues without initially conducting a jurisdictional hearing with sufficient notice to all parties. For the following reasons, we sua sponte dismiss France's amended complaint for a writ of prohibition.

**{¶2}** In order for this court to issue a writ of prohibition, France is required to demonstrate each prong of the following three-part test: (1) Judge Celebrezze is about to exercise judicial power; (2) the exercise of judicial power by Judge Celebrezze is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). In addition, prohibition does not lie, if France has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. City of Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

**{¶3}** Prohibition does not lie unless it clearly appears that the court possesses no

jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶4} However, when a court is patently and unambiguously without jurisdiction to act, the existence of an adequate remedy at law will not prevent the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (1995). Nevertheless, absent a patent and unambiguous lack of jurisdiction, a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Finally, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

**{¶5}** In the case sub judice, we find that Judge Celebrezze possesses general subject matter jurisdiction to determine all domestic relations matters. Judge Celebrezze sits as an elected judge of the Domestic Relations Court of Cuyahoga County. R.C. 3105.011 provides in pertinent part that: "The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." In addition, pursuant to R.C. 3105.21 and 3109.04, Judge Celebrezze possesses the basic statutory jurisdiction to issue orders with regard to the allocation of parental rights and responsibilities for the care of the minor children of the marriage. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, which prevents this court from issuing a writ of prohibition. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, 688 N.E.2d 267; *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 1995-Ohio-145, 646 N.E.2d 1110.

**{¶6}** In addition, we find that France possesses adequate legal remedies in the ordinary course of the law. The record of the underlying divorce action is not before this court. However, we take judicial notice of the docket, as maintained in *France*, because it is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned. *See* Evid.R. 201(B).

**{¶7}** The docket clearly demonstrates that France has already filed a "motion for hearing to determine jurisdiction under the Uniform Custody Jurisdiction and Enforcement Act," which remains unresolved and pending before Judge Celebrezze. A

hearing, with regard to the motion to determine jurisdiction under the UCCJEA provides France with an adequate remedy at law. In addition, any decision rendered by Judge Celebrezze with regard to jurisdiction under the UCCJEA is subject to an appeal, which also provides France with an adequate remedy at law. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107.

{¶8} Finally, it must be noted that Judge Celebrezze did not lose jurisdiction to decide the motion to determine jurisdiction under the UCCJEA by the mere fact that France filed a complaint for a writ of prohibition. Absent the granting of an alternative writ of prohibition, by this court pursuant to Loc.App.R. 45(B)(2), Judge Celebrezze possessed the necessary jurisdiction to determine her own jurisdiction and, if jurisdiction was found, to proceed to judgment. In other words, the filing of a complaint for an original action and/or an application for an alternative writ does not automatically stay the underlying action. *See generally State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978); *Marsh v. Goldthorpe,* 123 Ohio St. 103, 174 N.E. 246 (1930); *Gochenour v. Herderick*, 99 Ohio App. 27, 131 N.E.2d 228 (1954).

{¶9} Therefore, we find that Judge Celebrezze did not patently and unambiguously lack jurisdiction to proceed to judgment in the underlying domestic relations action and that France possesses adequate remedies in the ordinary course of the law.

**{¶10}** Accordingly, we sua sponte dismiss France's amended complaint for a writ of prohibition. France to pay costs. The court directs the clerk of court to serve notice of this judgment and its date of entry upon all parties as required by Civ.R. 58(B).

**{¶11}** Amended complaint dismissed.


_____
MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY EILEEN KILBANE, J., CONCUR