[Cite as *France v. Celebrezze*, 2012-Ohio-5085.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98992**

## JOHN FRANCE

RELATOR

vs.

## LESLIE ANN CELEBREZZE, JUDGE

RESPONDENT

### JUDGMENT:
### COMPLAINT DISMISSED

Writ of Prohibition
Order No. 459282

**RELEASE DATE:**     October 29, 2012

**FOR RELATOR**

John France, pro se
6368 West MacLaurin Drive
Tampa, Florida   33647


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     David Lambert
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** John France, pro se, has filed a complaint for a writ of prohibition, through which he seeks to prevent Judge Leslie Ann Celebrezze from conducting a "show cause" hearing, on October 23, 2012, in *France v. France*, Cuyahoga D.R. No. DR-10-331762.[1] For the following reasons, we sua sponte dismiss France's complaint for a writ of prohibition.

**{¶2}** Initially, we find that France has failed to comply with the mandatory requirements of Loc.App.R. 45(B)(1). France's complaint for a writ of prohibition "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." Herein, France has failed to attach a sworn affidavit, that specifies the details of his claim. Thus, the complaint for a writ of prohibition is procedurally defective and must be dismissed. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402. *See also State ex rel. Santos v. McDonnell*, 8th Dist. No. 90659, 2008-Ohio-214; *Turner v. Russo*, 8th Dist. No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. No. 85990, 2005-Ohio-2324.

**{¶3}** In order for this court to issue a writ of prohibition, France is required to demonstrate each prong of the following three-part test: (1) Judge Celebrezze is about to exercise judicial power; (2) the exercise of judicial power by Judge Celebrezze is not

---

[1] France filed a prior complaint for a writ of prohibition against Judge Celebrezze. This court sua sponte dismissed the complaint for a writ of prohibition on May 9, 2012. *See France v. Celebrezze*, 8th Dist. No. 98147, 2012-Ohio-2072.

authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). In addition, prohibition does not lie if France has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

{¶4} Prohibition does not lie unless it clearly appears that the court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Crt. of Drake Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 273 (1940).

{¶5} Absent a patent and unambiguous lack of jurisdiction, a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1363 (1997); *State ex rel. Bradford v. Trumbull*

*Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-116, 597 N.E.2d 116. Finally, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶6} In the case sub judice, we find that Judge Celebrezze possesses general subject matter jurisdiction to determine all domestic relations matters. Judge Celebrezze sits as an elected judge of the Domestic Relations Court of Cuyahoga County. R.C. 3105.011 provides in pertinent part that: "The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." In addition, pursuant to R.C. 3105.21 and R.C. 3109.04, Judge Celebrezze possesses the basic statutory jurisdiction to issue orders with regard to the allocation of parental rights and responsibilities for the care of the minor children of the marriage. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine it own jurisdiction, which prevents this court from issuing a writ of prohibition. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, 688 N.E.2d 267; *State ex rel. Enyart v. O'Neil*, 71 Ohio St.3d 655, 1995-Ohio-145, 646 N.E.2d 1110.

{¶7} Herein, France possesses or possessed an adequate remedy in the ordinary course of the law. Taking judicial notice of the docket per Evid.R. 201(B), as maintnaied in *France v. France*, *supra*, it is clear that Judge Celebrezze conducted a hearing, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")

and determined that she possessed jurisdiction over the minor children, which resulted in a modification of the "parenting time" order already in place.

**{¶8}** On August 30, 2012, Judge Celebrezze issued an order that provided that:

In support of the motion for directed verdict, the evidence introduced by defendant does not withstand the burden of proof by a preponderance of the evidence that this court does not have jurisdiction over the minor children. Based on the aforesaid findings, the court has jurisdiction over the minor children of the marriage and shall proceed with the allocation of parental rights and responsibilities.

**{¶9}** On September 6, 2012, Judge Celebrezze issued an order that provided that:

The court hereby grants in part plaintiff's motion to modify parenting time order. The court hereby denies defendant's motion to modify custody evaluation and finds the parties are to submit to an evaluation with Dr. Bardenstein within seven (7) days from the journalization of this order. The court hereby denies defendant's motion for relief from judgment as it fails to meet the *GTE* test as it does not offer a meritorious claim for relief. Plaintiff's motion for temporary allocation of parental rights and responsibilities and plaintiff's motion to modify existing order, plaintiff's motion to show cause shall be set for hearing on 10-23-12 at 9:30 a.m. It is ordered that the parenting time set forth in the judgment entry of 1-24-12 shall be and is modified O.S.J. Notice issued.

**{¶10}** The judgment of Judge Celebrezze, that she possesses jurisdiction to modify child custody and parental rights under the UCCJEA is subject or was subject to an appeal, which provides or provided France with an adequate remedy at law. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107. In addition, Judge Celebrezze possesses the basic statutory jurisdiction to issue orders with regard to parental rights and responsibilities and the enforcement of such orders vis-a-vis a show cause hearing. Also, Judge Celebrezze possesses the basic statutory

authority to conduct a hearing and potentially hold France in contempt for failing to obey an order of the court.   R.C. 2705.02.

{¶11}   Accordingly, we sua sponte dismiss France's complaint for a writ of prohibition.   France to pay costs.   It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).

{¶12}   Complaint dismissed.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR