### In the Matter of the Petition of Caroline M. BARBEE for a Writ of Prohibition.

#### No. 135, 1997.

Supreme Court of Delaware.

Submitted: April 7, 1997.
Decided: April 29, 1997.

---

**318**

Philip Herrmann and Michael I. Silverman, The Law Office of Philip Herrmann, Wilmington, for petitioner.

Robert K. Pearce, Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, for respondent.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

PER CURIAM.

In this appeal we address the question of whether this Court has original jurisdiction to issue a writ of prohibition directed to the Industrial Accident Board ("IAB"). After careful consideration, we conclude that exclusive original jurisdiction to direct an extraordinary writ to an administrative body or other nonjudicial entity is vested in the Superior Court, whose decision will then be subject to this Court's appellate review. Accordingly, the petition for a writ of prohibition in this case must be dismissed.

**I**

The petitioner, Caroline M. Barbee ("Barbee"), seeks to invoke the original jurisdiction of this Court to issue a writ of prohibition to prevent the IAB from ruling on the petition of her employer, F.W. Woolworth Company ("Woolworth"), to terminate Barbee's workers' compensation benefits. Barbee contends that the IAB lacks jurisdiction to accept and adjudicate the petition because Woolworth failed to effect proper service of its petition upon Barbee in accordance with 19 *Del.C.* § 2347. Woolworth has responded by filing a motion to dismiss Barbee's petition on the ground, *inter alia*, that this Court lacks jurisdiction to issue a writ of prohibition.

A writ of prohibition is an ancient remedy which was originally issued by the Court of King's Bench of England, the corresponding tribunal to the Supreme Court of this State. *Fouracre v. White*, Del.Supr., 102 A. 186, 191 (1917). In its truest form, the writ of prohibition is an extraordinary remedy and the legal equivalent of the equitable remedy of injunction. *Abrahams v. Superior Court*, Del.Supr., 131 A.2d 662, 670–671 (1957). Designed to prevent the unwarranted assumption of power, this writ is issued to a lower tribunal for the purposes of preventing that tribunal from exceeding its jurisdiction in matters within its purview, or from exercising its judicial authority over matters not within its cognizance. *Knight v. Haley*, Del.Super., 176 A. 461 (1935). The writ of prohibition is not issued as of right or in every case in which an inferior tribunal acts without, or in excess of, its jurisdiction. *Id.*

This Court's authority to issue such an extraordinary writ emanates from a grant

of its original, as distinct from its appellate, jurisdiction. We are authorized to issue a writ of prohibition "to the Superior Court, the Court of Chancery and the Orphan's Court (now abolished), or any of the judges of the said courts and also to any inferior court or courts established or to be established by law...." Del. Const. art. IV, § 11(6). Our ability to adjudicate in this area has been defined, as well as clearly limited, by the Delaware Constitution. In accordance with the unambiguous wording of § 11(6), we do not have authority, in the first instance, to issue an extraordinary writ to an administrative body such as the IAB. Exclusive original jurisdiction to direct the writ of prohibition to administrative bodies and other nonjudicial entities lies with the Superior Court, whose decision is subject to this Court's appellate review. *See Family Court v. Department of Labor*, Del.Ch., 320 A.2d 777, 779–80 (1974). The writ of prohibition may not be viewed as a substitute for a writ of error for the correction of an irregularity or mistake by an inferior tribunal when such errors can be reviewed through ordinary appellate proceedings. *Matushefske v. Herlihy*, Del.Supr., 214 A.2d 883 (1965).

Since it is manifest on the face of the petition that it fails to invoke the original jurisdiction of this Court, the petition must be DISMISSED. Supr.Ct.R. 43.