LEROY SHELLEY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 78, 2010.
Supreme Court of Delaware.
Submitted: March 5, 2010.
Decided: April 21, 2010.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 21st day of April 2010, it appears to the Court that:
(1) On February 16, 2010, the Court received appellant's notice of appeal from a Superior Court order, dated December 23, 2009, which denied his motion for postconviction relief. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before January 27, 2010.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing appellant to show cause why the appeal should not be dismissed as untimely filed.[1] Appellant filed a response to the notice to show cause on March 1, 2010. He asserts that his appeal should not be deemed late because he timely mailed his notice of appeal but it was improperly addressed because prison staff gave him incorrect information. The State has filed an answer in opposition to appellant's response.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) Prison personnel are not court-related personnel. Consequently, even assuming prison personnel gave appellant an incorrect mailing address, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(iii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).