IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEROY SHELLEY, §
§ No. 189, 2017
    Petitioner Below, §
    Appellant, § Court Below:  Superior Court
§ of the State of Delaware
    v. §
§ C.A. No. N17M-04-251 (N)
STATE OF DELAWARE, §
§
    Respondent Below, §
    Appellee. §

Submitted:  July 7, 2017[1]
Decided:  July 21, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 21st day of July 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm,[2] and the record below, it appears to the Court that:

(1)    The appellant, Leroy Shelley, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on

---

[1] The motion to affirm was filed on May 25, 2017, but the record was filed on July 7, 2017.

[2] On June 2, 2017, the appellant filed a motion for leave to respond to the motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no reason to request a response after considering the appellant's motion.

the face of Shelley's opening brief that his appeal is without merit. We agree and affirm.

(2) In November 2007, a Superior Court jury found Shelley guilty of two counts of Robbery in the First Degree, two counts of Kidnapping in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony, and one count of Conspiracy in the Second Degree for crimes that occurred in 1997. Shelley was originally indicted in 1998 while imprisoned in Pennsylvania for different crimes and then reindicted in 2007. Shelley was sentenced to non-suspended Level V time of eighteen and a half years. He did not file a direct appeal. Since his conviction, Shelley has filed three unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61 and one unsuccessful motion for modification of sentence under Superior Court Criminal Rule 35.[3]

(3) On April 20, 2017, Shelley filed a petition for a writ of habeas corpus in the Superior Court. On April 24, 2017, the Superior Court denied the petition.

---

[3] *Shelley v. State*, 2017 WL 2686551, *1 (Del. June 21, 2017) (affirming the Superior Court's denial of motion for modification of sentence); *Shelley v. State*, 2012 WL 3656427, at *1 (Del. Aug. 24, 2012) (affirming the Superior Court's denial of Shelley's second motion for postconviction relief); *Shelley v. State*, 2010 WL 1627335, at *1 (Del. Apr. 21, 2010) (dismissing Shelley's appeal of the Superior Court's denial of his first motion for postconviction relief as untimely); *State v. Shelley*, 2014 WL 5713236, at *1 (Del. Super. Ct. Oct. 27, 2014) (denying Shelley's third motion for postconviction relief, which included claim that statute of limitations had run). In 2012, the United States District Court for the District of Delaware denied Shelley's petition for a writ of habeas corpus. *Shelley v. Attorney General of Delaware*, 2012 WL 379907 (D. Del. Jan. 31, 2012).

The Superior Court held that Shelley was legally detained. This appeal followed. In his opening brief, Shelley argues that the Superior Court lacked jurisdiction to convict him because the statute of limitations expired before his reindictment, the original indictment was not dismissed, and he was tried more than 180 days after he signed his Interstate Agreement on Detainers compact in violation of the Interstate Agreement on Detainers.

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis.[4] Habeas corpus only "provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[5] Where the commitment is regular on its face and the court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[6]

(5) Shelley has not shown that the Superior Court lacked jurisdiction to sentence him for the crimes he committed.[7] In addition, Shelley did not file an

---

[4] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[5] *Id.*

[6] *Jones v. Anderson*, 183 A.2d 177, 178 (Del. 1962); *Curran v. Woolley*, 104 A.2d 771, 773 (Del. 1954).

[7] *See, e.g.,* 11 *Del. C.* § 205(g), (h) (providing statute of limitations does not run during any time when a prosecution has been commenced by indictment and is pending); 11 *Del. C.* § 2542(a), (g) (providing prisoner requesting final disposition must be tried within 180 days after prosecuting officer and court receive notice of request, not within 180 days of prisoner's signature of request); *Cane v. State*, 560 A.2d 1063, 1066 (Del. 1989) (noting State's request for jury instruction on Manslaughter as lesser included offense of Murder in the Second Degree effectively commenced prosecution against defendant for Manslaughter that related back to date of the original indictment).

3

appeal from his 2007 conviction. He may not use a petition for a writ of habeas corpus as a substitute for a timely-filed appeal.[8] The Superior Court did not err in denying Shelley's petition for a writ of habeas corpus. We warn Shelley that if he continues to file appeals from repetitive claims, he will be enjoined from filing future appeals without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[8] *Johnson v. State*, 2013 WL 6044393, at *2 (Del. Nov. 13, 2013) (citing *In re Barbee*, 693 A.2d 317, 319 (Del. 1997)).

4