IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTHONY GORDON, § 
§ No. 426, 2018
Petitioner Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ C.A. No. N18M-07-085
DANA METZGER, §
§
Respondent Below, §
Appellee. §

Submitted: October 26, 2018
Decided: January 10, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

(1)   The appellant, Anthony Gordon, filed this appeal from the Superior Court's order dated July 16, 2018, denying his petition for a writ of habeas corpus. On appeal, Gordon argues, as he did below, that he is entitled to habeas corpus relief because he was convicted of crimes charged in a defective indictment. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gordon's opening brief that the appeal is without merit. We agree and affirm.

(2)     The writ of habeas corpus under Delaware law provides relief on a very limited basis.[1] "Habeas corpus provides an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment."[2] Where the commitment is regular on its face and the court clearly had jurisdiction over the subject matter, habeas corpus does not afford a remedy to the petitioner.[3]

(3)     In this case, Gordon was indicted in 2011 for three counts of rape second degree, one count of rape fourth degree, and one count of unlawful sexual contact second degree.[4] After a two-day trial in 2013, Gordon was convicted of two counts of rape second degree and one count of rape fourth degree and was sentenced to a total of thirty-five years of Level V incarceration, suspended after twenty-one years for decreasing levels of supervision. On direct appeal, we affirmed the judgment of convictions,[5] and in 2017 we affirmed the Superior Court's denial of Gordon's motion for postconviction relief.[6]

(4)     Gordon filed his petition for a writ of habeas corpus on July 12, 2018. The Superior Court denied the petition after determining that Gordon was being

---

[1] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).
[2] *Id.*
[3] *Curran v. Wooley*, 104 A.2d 771, 773 (Del. 1954).
[4] *State v. Gordon*, Del. Super., Cr. ID No. 1109011777 (N).
[5] *Gordon v. State*, 2013 WL 6569705 (Del. Dec. 11, 2013).
[6] *Gordon v. State*, 2017 WL 4857111 (Del. Oct. 25, 2017).

legally detained. On appeal, Gordon has failed to show that the Superior Court lacked jurisdiction to sentence him for his criminal convictions or that the order of commitment is invalid.

(5) To the extent Gordon contends that his indictment was defective, it does not appear that he raised such a claim on direct appeal or in his postconviction proceedings. Gordon may not use a petition for a writ of habeas corpus as a substitute for a timely-filed appeal[7] or to seek postconviction relief.[8]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[7] *Johnson v. State*, 2013 WL 6044393, at *2 (Del. Nov. 13, 2013) (citing *In re Barbee*, 693 A.2d 317, 319 (Del. 1997)).

[8] *Short v. State*, 2014 WL 2159049 (Del. May 20, 2014) (citing Del. Super. Ct. Crim. R. 61(2)).

3