IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY SHELLEY, | § | |
| | § | |
| Defendant Below, | § | No. 379, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 9804001318 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  October 21, 2019
Decided:  January 7, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Leroy Shelley, appeals from the Superior Court's July 31, 2019 order denying his motion to vacate his sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shelley's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In 2007, a Superior Court jury found Shelley guilty of two counts of first degree robbery, two counts of second degree kidnapping, two counts

of possession of a firearm during the commission of a felony ("PFDCF"), and one count of second degree conspiracy. Following a presentence investigation, the Superior Court sentenced Shelley to an aggregate of twenty-four years, six months of Level V incarceration, suspended after eighteen years, six months for eighteen months of Level III probation. Shelley did not appeal his convictions or sentence.

(3) Shelley subsequently filed several motions challenging his conviction and sentence, including three motions for postconviction relief,[1] a petition for writ of habeas corpus,[2] and two motions filed under Superior Court Rule 35 ("Rule 35"),[3] all of which were denied. In July 2019, Shelley again moved to vacate his sentence under Rule 35, claiming that the Superior Court trial judge had not advised him of his right to appeal as required by Superior Court Criminal Rule 32(a)(2). Shelley asked the court to vacate his sentence and re-sentence him, in order to permit Shelley the opportunity to

---

[1] *Shelley v. State*, 2010 WL 1627335 (Del. Apr. 21, 2010) (dismissing as untimely Shelley's appeal from the denial of his first motion for postconviction relief); *Shelley v. State*, 2012 WL 3656427 (Del. Aug. 24, 2012) (affirming the denial of Shelley's second motion for postconviction relief); *State v. Shelley*, 2014 WL 5713236 (Del. Super. Ct. Oct. 27, 2014) (denying Shelley's third motion for postconviction relief).

[2] *Shelley v. State*, 2017 WL 3122316 (Del. July 21, 2017) (affirming the Superior Court's denial of Shelley's petition for a writ of habeas corpus).

[3] *Shelley v. State*, 2017 WL 2686551 (Del. June 21, 2017) (affirming the Superior Court's denial of Shelley's motion for sentence modification); *Shelley v. State*, 2018 WL 3173854 (Del. June 26, 2018) (affirming the Superior Court's denial of Shelley's Rule 35 motion).

file a direct appeal. Because Shelley's sentence did not exceed the statutory limits or violate the Double Jeopardy Clause, the Superior Court treated the motion as one alleging that Shelley's sentence had been imposed in an illegal manner under Rule 35(a) and denied it as untimely.[4] Shelley did not appeal.

(4) On July 26, 2019, Shelley filed another motion to vacate his sentence under Rule 35, arguing that the sentencing judge's failure to inform him of his right to appeal constituted "extraordinary circumstances" sufficient to excuse the untimely filing of the motion. The Superior Court concluded that the "extraordinary circumstances" exception applies only to a motion to modify a sentence, which Shelley's motion was not. Accordingly, it denied the motion. This appeal followed.

(5) On appeal, Shelley argues: (i) that the trial court's failure to inform him of his right to appeal constituted plain error, and (ii) that the Superior Court abused its discretion in denying his Rule 35 motion because the trial court's failure to advise him of his right to appeal constituted court error and therefore excused his untimely request for relief.

(6) As a preliminary matter, because Shelley did not present these arguments to the Superior Court, this Court will not ordinarily entertain them

---

[4] *State v. Shelley*, 2019 WL 3248617 (Del. July 12, 2019).

3

on appeal.[5] In any event, Shelley's Rule 35 motion is time-barred and Shelley has not demonstrated extraordinary circumstances to excuse the untimely filing. "Extraordinary circumstances" are circumstances that "specifically justify the delay," are "entirely beyond a petitioner's control," and "have prevented the applicant from seeking the remedy on a timely basis."[6] At a minimum, Shelley could have raised the trial court's alleged failure to advise him of his right to appeal[7] in postconviction proceedings.[8] More importantly, the record belies Shelley's substantive claim that he was unaware of his right to appeal. The transcript of the sentencing hearing reflects that the trial judge

---

[5] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court. Parties are not free to advance arguments for the first time on appeal.").

[6] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotation marks and citations omitted).

[7] We note that Shelley was originally sentenced on January 25, 2008. That sentencing hearing was not transcribed. After Shelley brought the fact that he had not been permitted to view the Presentence Investigation Report to the trial judge's attention, the trial judge vacated Shelley's sentence and resentenced Shelley on March 6, 2008. Although the transcript of the March 6, 2008 sentencing lends credence to Shelley's contention that the Superior Court did not specifically advise Shelley of his right to appeal, we cannot speculate as to what information the Superior Court may have relayed to Shelley at the January 25, 2008 sentencing hearing.

[8] *See State v. Dubose*, 2015 WL 6769154, at *5 (Del. Super. Ct. Nov. 4, 2015) (On consideration of the defendant's motion for postconviction relief, a Superior Court Commissioner recommended that the Superior Court vacate the defendant's sentence and resentence him to permit him to file a direct appeal because the trial judge had failed to inform the defendant of his right to appeal.).

referenced the appeals process[9] and that Shelley carefully preserved issues, specifically for the purpose of appeal.[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*___
Justice

---

[9] In the context of addressing motions Shelley had filed post-trial and prior to sentencing, the trial judge stated, "[I]f you wish to raise those issues on appeal, they certainly have been preserved and are ready for appeal if that's what you wish to do after your sentencing." State's Motion to Affirm, Exhibit I, at p. 4.

[10] Addressing a post-trial motion Shelley filed, Shelley stated, "I'm bringing it up for procedural reasons so I'm not barring an appeal." *Id.*, at p. 4.