# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                    )
      v.            )    I.D. No. 9804001318
                    )
LEROY SHELLEY,        )
                    )
      Defendant.    )

Submitted: November 29, 2023
Decided: December 4, 2023

*Upon Defendant's Motion Pursuant to Rule 35(a) to Correct an Illegal Sentence*
**DENIED.**

## ORDER

Leroy Shelley, SBI# 603729, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

Brian J. Robertson, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State.

**WHARTON, J.**

This 4th day of December 2023, upon consideration of Defendant Leroy Shelley's ("Shelley") Motion Pursuant to Rule 35 to Correct an Illegal Sentence and the record in this matter, it appears to the Court that:

1.      Shelley was convicted by a jury in 2007 of two counts each of Robbery First Degree, Kidnapping Second Degree, and Possession of a Firearm During the Commission of a Felony, as well as a single count of Conspiracy Second Degree. He waived his right to counsel and represented himself at trial. He was sentenced on March 6, 2008, but did not file a direct appeal. Instead, Shelley embarked on what has turned out to be a steady course of futile litigation when he moved for postconviction relief in 2009. That motion was denied as procedurally defaulted because Shelley's claims could have been raised on direct appeal had he filed one.[1] Shelley's appeal to the Delaware Supreme Court of that order was dismissed as untimely.[2] After an unsuccessful attempt at federal *habeas corpus* relief in 2010,[3] Shelley filed his first attempt to vacate his sentence. That motion, in which he argued that his re-indictment was defective, causing the court to lack jurisdiction, was treated as a second postconviction relief motion and was denied again for procedural default.[4] The Delaware Supreme Court affirmed that decision.[5] This Court summarily

---

[1] D.I. 28.
[2] *Shelley v. State,* 2010 WL 1627335 (Del. Apr. 21, 2010).
[3]  *Shelley v. Delaware,* 2012 WL 379907 (D. Del. 2012).
[4] D.I. 61.
[5] *Shelley v. State,* 53 A.3d 303 (Del. 2012).

dismissed his third postconviction relief motion on October 27, 2014.[6] This Court denied Shelley's Motion for Modification of Sentence on March 7, 2017.[7] The Supreme Court affirmed.[8] This Court denied his Petition for a Writ of Habeas Corpus on April 20, 2017.[9] The Supreme Court affirmed.[10] A Motion for Sentence Clarification was denied on October 6, 2017.[11] The Supreme Court affirmed.[12] Shelley's Motion to Recuse was denied on July 13, 2018.[13] The Supreme Court dismissed his appeal.[14] A Motion to Vacate Sentence was denied on July 12, 2019.[15] A second Motion to Vacate was denied on July 31, 2019.[16] That decision was affirmed on January 7, 2020.[17] His fourth postconviction relief motion was denied by this Court on January 28, 2020.[18] That denial was affirmed on June 30, 2020.[19] On March 26, 2021, Shelley filed a Motion for Bail Pending Appeal.[20] That motion was denied on April 5, 2021.[21]

---

[6] *Shelley v. State,* 2014 WL 5713236 (Del. Super. Oct. 27, 2014).
[7] D.I. 53.
[8] *Shelley v. State,* 2017 WL 2686551 (Del. Jun. 21, 2017).
[9] D.I. 63.
[10] *Shelley v. State,* 2017 WL 3122316 (Del. Jul. 17. 2107).
[11] D.I. 66.
[12] *Shelley v. State,* 2018 WL 3173852 (Del. Jun. 26, 2018).
[13] D.I. 74.
[14] *Shelley v. State,* 2018 WL 6331623 (Del. Dec. 3, 2018).
[15] *State v. Shelley*, 2019 WL 3248617 (Del. Super. July 12, 2019).
[16] *State v. Shelley*, 2019 WL 3458725 (Del. Super. July 31, 2019).
[17] *Shelley v. State,* 2020 WL 91816 (Del. Jan. 7, 2020).
[18] *State v. Shelley,* 2020 WL 4911441 (Del. Super. Jan. 28, 2020).
[19] *Shelley v. State,* 2020 WL 2989264 (Jun. 3, 2020).
[20] D.I. 96.
[21] D.I. 97.

2.    After what appears to be a two and a half-year hiatus, Shelly moves again under Rule 35(a) to correct an illegal sentence.[22]  In his brief motion, he claims that:

> He received two sentences for PWDCF [sic] with mandatory no good time stipulations from the judge pursuant to a law passed in Delaware in 2001 although his offense happened in Feb 1997 which is an ex post facto violation.  The Department of Corrections refuses to give him good [sic] so I am requesting the court to resentence me.  An illegal sentence can be challenged at any time, can never be <u>procedurally barred</u>.[23]

He asks to be resentenced.[24]

3.    The Court has reviewed the relevant history of the PFDCF statute, found at 11 *Del. C.* § 1447A.  When enacted in 1994, the statute designated the crime as a Class B felony with a minimum sentence of three years at Level V.[25]  In 2001, the statute was amended to add a new subsection (d) which made persons convicted of PFDCF ineligible for good time, parole or probation during their sentence.[26]  In 2019, subsection (d) was removed from the statute so that good time may be earned by persons convicted of PFDCF.[27]

4.    At the sentencing hearing, after imposing sentence, the Sentencing Judge stated, "I will, on your final sentencing order, insert the mandatory minimum periods of incarceration that you must serve, and that will have more effect on your good time

---

[22] D.I. 97.
[23] *Id.*
[24] *Id.*
[25] 69 *Del. Laws* 1994, ch. 229.
[26] 73 *Del. Laws* 2001, ch. 107, §§ 2, 3.
[27] 82 *Del. Laws* 2019, ch. 66, § 2.

than anything else."[28]  The Court has examined Shelley's Sentence Order dated March 6, 2008.  The Sentence Order does not contain a "mandatory no good time stipulation" as Shelley claims.[29]  Rather, each PFDCF charge contains the following: "The first 3 years of this sentence is a mandatory term of incarceration pursuant to DE111447A(b)."[30]  The statutory reference is to 11 *Del. C.* 1447A(b), which, at the time Shelly was sentenced, read: "(b) A person convicted under subsection (a) of this section shall receive a minimum sentence of 3 years at Level V, notwithstanding the provisions of § 4205(b)(2) of this title."[31]  It does not mention good time credits.

5.      Despite being sentenced in 2008, Shelley did not begin serving his Delaware sentence until January 6, 2017.[32]  Shelley had come to Delaware for trial from Pennsylvania under the Interstate Compact on Detainers.[33]  After he was sentenced on March 8, 2008, he was returned to Pennsylvania to serve the balance of his sentence in that state until his eventual return to Delaware in 2017.[34]

6.      In its response to the Motion, the State reports that it sought information from the Department of Correction ("DOC") regarding whether Shelley is receiving good time credits for his PFDCF convictions.[35]  The State represents that Shelley is

---

[28] Sentencing Hr'g. (Mar. 6, 2008) at 9, D.I. 78.
[29] *See,* Sentence Order (March 6, 2008).
[30] *Id.*
[31] 11 *Del. C.* §1447A(b).
[32] *See,* email dated April 2017 from Toby Davis (DOC) sent in response to Shelley's habeas corpus petition, D.I. 62.
[33] *Id.*
[34] *Id.*
[35] D.I. 99.

receiving good time credits for the PFDCF convictions and has been since his return to DOC custody in 2017, although his statutory good time credits were reduced by 10 days for disciplinary infractions.[36] DOC is reviewing Shelley's meritorious good time credits to ensure the he is receiving all of the credits he is due. These representations are consistent with a DOC email sent to the Court in response to Shelley's 2017 *habeas corpus* petition.[37]

7. It appears to the Court that the factual premise upon which the Motion is based in incorrect. Accordingly, the Motion is **DENIED**.

**THEREFORE**, Defendant Leroy Shelley's Motion to Correct Illegal Sentence pursuant to Rule 35(a) is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

---

[36] *Id.*

[37] D.I. 62. ("After application of 654 statutory goodtime credits based on 18 years and 6 months TIS, the offenders current release date is 09/13/33.") The email lists the sentences upon which that calculation is based and they include the PFDCF charges.