# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
     v. ) I.D. No. 9804001318
)
LEROY SHELLEY, )
)
    Defendant. )

Submitted: June 6, 2025
Decided: June 12, 2025

*Upon Defendant's Motion Pursuant to Rule 35(a) to Correct an Illegal Sentence*
**DENIED.**

**ORDER**

Leroy Shelley, SBI# 603729, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

Brian J. Robertson, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

**WHARTON, J.**

This 12th day of June 2025, upon consideration of Defendant Leroy Shelley's ("Shelley") Motion to Correct an Illegal Sentence Pursuant to Rule 35(a),[1] and the record in this matter, it appears to the Court that:

1. Shelley was convicted by a jury in 2007 of two counts each of Robbery First Degree, Kidnapping Second Degree, and Possession of a Firearm During the Commission of a Felony ("PFDCF"), as well as a single count of Conspiracy Second Degree. He waived his right to counsel and represented himself at trial. He was sentenced on March 6, 2008, to 18 ½ years of unsuspended imprisonment followed by probation. That period of imprisonment was broken down as follows: four years with no probation to follow on each robbery charge, five years suspended after two years for probation on each kidnapping charge, three years with no probation to follow on each PFDCF charge, and six months with no probation to follow on the conspiracy charge.

2. Shelley did not file a direct appeal. Instead, he has steadily pursued unsuccessful collateral attacks on his conviction and sentences. First he moved for postconviction relief in 2009. That motion was denied as procedurally defaulted because Shelley's claims could have been raised on direct appeal had he filed one.[2] Shelley's appeal to the Delaware Supreme Court of that order was dismissed as

---

[1] D.I. 113.
[2] D.I. 28.

untimely.[3]  After an unsuccessful attempt at federal *habeas corpus* relief in 2010,[4] Shelley filed his first attempt to vacate his sentence.  That motion, in which he argued that his re-indictment was defective, causing the court to lack jurisdiction, was treated as a second postconviction relief motion and was denied again for procedural default.[5] The Delaware Supreme Court affirmed that decision.[6]  This Court summarily dismissed his third postconviction relief motion on October 27, 2014.[7]  It denied Shelley's Motion for Modification of Sentence on March 7, 2017.[8]  The Supreme Court affirmed.[9]  This Court denied his Petition for a Writ of Habeas Corpus on April 20, 2017.[10]  The Supreme Court affirmed.[11]  A Motion for Sentence Clarification was denied on October 6, 2017.[12]  The Supreme Court affirmed.[13]  Shelley's Motion to Recuse was denied on July 13, 2018.[14]  The Supreme Court dismissed his appeal.[15] A Motion to Vacate Sentence was denied on July 12, 2019.[16]  A second Motion to Vacate was denied on July 31, 2019.[17]  That decision was affirmed on January 7,

---

[3] *Shelley v. State,* 2010 WL 1627335 (Del. Apr. 21, 2010).
[4]  *Shelley v. Delaware,* 2012 WL 379907 (D. Del. 2012).
[5] D.I. 61.
[6] *Shelley v. State,* 53 A.3d 303 (Del. 2012).
[7] *Shelley v. State,* 2014 WL 5713236 (Del. Super. Oct. 27, 2014).
[8] D.I. 53.
[9] *Shelley v. State,* 2017 WL 2686551 (Del. Jun. 21, 2017).
[10] D.I. 63.
[11] *Shelley v. State,* 2017 WL 3122316 (Del. Jul. 17. 2107).
[12] D.I. 66.
[13] *Shelley v. State,* 2018 WL 3173852 (Del. Jun. 26, 2018).
[14] D.I. 74.
[15] *Shelley v. State,* 2018 WL 6331623 (Del. Dec. 3, 2018).
[16] *State v. Shelley*, 2019 WL 3248617 (Del. Super. July 12, 2019).
[17] *State v. Shelley*, 2019 WL 3458725 (Del. Super. July 31, 2019).

2020.[18] His fourth postconviction relief motion was denied by this Court on January 28, 2020.[19] That denial was affirmed on June 30, 2020.[20] On March 26, 2021, Shelley filed a Motion for Bail Pending Appeal.[21] That motion was denied on April 5, 2021.[22] Shelley did not appeal. On December 4, 2023, this Court denied his Motion Pursuant to Rule 35 to Correct an Illegal Sentence.[23] That denial was affirmed on May 13, 2024.[24] On May 20, 2025, this Court denied a similar Motion to Correct an Illegal Sentence under Rule 35(a).[25]

3.     The current motion, again brought under Rule 35(a), alleges that his sentences are illegal because; (1) they violate the "*ex post facto* clause;" (2) the punishments for robbery and PFDCF had increased by statute by the time of his sentencing; and (3) the punishment for felonies increased after he committed his crimes on February 12, 1997; and (4) "the SENTAC guidelines had greater (increased) sentencing minimum ranges for those convicted of crime."[26] He argues that the robbery charges had a two-year minimum mandatory sentence and a maximum sentence of 20 years in 1997, but had increased to a three-year minimum mandatory

[18] *Shelley v. State,* 2020 WL 91816 (Del. Jan. 7, 2020).
[19] *State v. Shelley,* 2020 WL 4911441 (Del. Super. Jan. 28, 2020).
[20] *Shelley v. State,* 2020 WL 2989264 (Jun. 3, 2020).
[21] D.I. 96.
[22] D.I. 97.
[23] *State v. Shelley,* 2023 WL 8373204 (Del. Super. Ct. Dec. 4, 2023).
[24] *Shelley v. State,* 2024 WL 2148632 (Del. May 13, 2024).
[25] D.I. 112.
[26] D.I. 113.

and a 25-year maximum by the time he was sentenced in 2008.[27] Lastly, invoking *Erlinger v. United States,*[28] he contends that the sentencing judge improperly (and incorrectly) found certain facts in order to increase his sentence above the minimum.[29] He asks to be resentenced in accordance with the guidelines in effect in 1997.[30]

4.    The Court has reviewed the relevant history of the punishment for Robbery First Degree – 11 Del. C. § 832.  In 1975, the punishment for Robbery First Degree was increased to a three-year minimum mandatory sentence with the addition of § 832(c).[31] In 1989, the Truth in Sentencing Act of 1989 (the "Act") was enacted.[32] The Act, in § 4205, designated Robbery First Degree as a class B felony and provided for a sentencing range for class B felonies of 2 – 20 years at Level V.[33] In 2003 § 832 was amended to provide for a three-year minimum mandatory where it has remained. The maximum sentence for class B felonies, including Robbery First Degree was increased to 25 years in 2003.[34]

---

[27] *Id.* Shelley also notes that when he was sentenced, no good time credits were allowed on PFDCF charges. That preclusion is no longer in effect. In any event Shelley has received the full amount of good time credits on those charges. *See, State v. Shelley,* 2023 WL 8373204 (Del. Super. Ct. Dec. 4, 2023) *aff'd Shelley v. State,* 2024 WL 2148632 (Del. May 13, 2024); D.I. 112.

[28] 602 U.S. 821 (2024)

[29] D.I. 113.

[30] *Id.*

[31] 60 *Del. Laws* 1975, ch. 240.

[32] 67 *Del. Laws* 1989 ch. 130

[33] *Id.*

[34] 74 *Del. Laws* 2023 ch. 106.

5. The Court also has reviewed the relevant history of the PFDCF statute, found at 11 *Del. C.* § 1447A. When enacted in 1994, the statute designated the crime as a Class B felony with a minimum sentence of three years at Level V.[35] That minimum mandatory sentence has remained unchanged. As with Robbery First Degree, the maximum sentence was increased to 25 years in 2003.[36] SENTAC guidelines for class B violent felonies have remained constant at 2 – 5 years at level V with notes indicating the three-year minimum mandatory sentences for PFDCF and Robbery First Degree (when applicable.)

6. The problem with Shelley's motion is that none of the foregoing resulted in an *ex post facto* application of the law. A review of his pre-sentence report, which Shelley personally reviewed,[37] shows the sentence range for Robbery First Degree to be 2 – 20 years and 3 – 20 years for PFDCF – the ranges that existed when he committed his crimes in 1997. Shelley offers no evidence to the contrary. But, even if that were not the case, he received a sentence above the minimum mandatory sentence and below the maximum sentence on the robbery charges, making any modifications to the range of sentences for those charges irrelevant. Similarly, he was sentenced to the minimum mandatory sentence on the PFDCF charges, making any increase to the maximum possible sentence likewise irrelevant.

---

[35] 69 *Del. Laws* 1994, ch. 229.
[36] 74 2003, ch. 106.
[37] Sentencing Hr'g. Tr. (Mar. 6, 2008) at 2, D.I. 78.

7. Finally, Shelley's invocation of *Erlinger* is unavailing. *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[38] In Shelley's case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence. The Court sentenced Shelley within the statutory range on each charge as those ranges existed when he committed his crimes. Neither the jury, nor the Court found any facts that enhanced the range within which Shelley was sentenced. Further, *Erlinger* cannot be read to require the Court to submit aggravating (or mitigating) circumstances to a jury when such circumstances would not alter the statutory range of penalties. It is the Court, in its discretion, not the jury that determines the proper sentence within the statutory range. *Erlinger* and similar cases simply are not implicated.

**THEREFORE**, Defendant Leroy Shelley's Motion to Correct an Illegal Sentence pursuant to Rule 35(a) is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

---

[38] *Erlinger* 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111-113).