# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
) **ID No. 9804001318**
v. )
)
LEROY SHELLEY, )
)
Defendant. )
)

Submitted: April 23, 2026
Decided: April 28, 2026

*Upon Defendant's Motion Pursuant to Rule 35(a) to Correct an Illegal Sentence*
**DENIED.**

## ORDER

Brian J. Robertson, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

Leroy Shelley, SBI# 603729, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, Defendant, *pro se.*

**WHARTON, J.**

This 28th day of April 2026, upon consideration of Defendant Leroy Shelley's ("Shelley") current Motion to Correct an Illegal Sentence Pursuant to Rule 35(a),[1] and the record in this matter, it appears to the Court that:

1. Shelley was convicted by a jury in 2007 of two counts each of Robbery First Degree, Kidnapping Second Degree, and Possession of a Firearm During the Commission of a Felony ("PFDCF"), as well as a single count of Conspiracy Second Degree. He waived his right to counsel and represented himself at trial. He was sentenced on March 6, 2008, to 18 ½ years of unsuspended imprisonment followed by probation. That period of imprisonment was broken down as follows: four years with no probation to follow on each robbery charge, five years suspended after two years for probation on each kidnapping charge, three years with no probation to follow on each PFDCF charge, and six months with no probation to follow on the conspiracy charge.

2. Shelley did not file a direct appeal. Instead, he has steadily pursued, with one minor exception, unsuccessful collateral attacks on his conviction and sentences. First he moved for postconviction relief in 2009. That motion was denied as procedurally defaulted because Shelley's claims could have been raised on direct appeal had he filed one.[2] Shelley's appeal to the Delaware Supreme Court of that order was dismissed as untimely.[3] After an unsuccessful attempt at federal *habeas*

---

[1] D.I. 113.
[2] D.I. 28.
[3] *Shelley v. State,* 2010 WL 1627335 (Del. Apr. 21, 2010).

*corpus* relief in 2010,[4] Shelley filed his first attempt to vacate his sentence. That motion, in which he argued that his re-indictment was defective, causing the court to lack jurisdiction, was treated as a second postconviction relief motion and was denied again for procedural default.[5] The Delaware Supreme Court affirmed that decision.[6] This Court summarily dismissed his third postconviction relief motion on October 27, 2014.[7] It denied Shelley's Motion for Modification of Sentence on March 7, 2017.[8] The Supreme Court affirmed.[9] This Court denied his Petition for a Writ of Habeas Corpus on April 20, 2017.[10] The Supreme Court affirmed.[11] A Motion for Sentence Clarification was denied on October 6, 2017.[12] The Supreme Court affirmed.[13] Shelley's Motion to Recuse was denied on July 13, 2018.[14] The Supreme Court dismissed his appeal.[15] A Motion to Vacate Sentence was denied on July 12, 2019.[16] A second Motion to Vacate was denied on July 31, 2019.[17] That decision was affirmed on January 7, 2020.[18] His fourth postconviction relief motion was denied by

---

[4] *Shelley v. Delaware,* 2012 WL 379907 (D. Del. 2012).
[5] D.I. 61.
[6] *Shelley v. State,* 53 A.3d 303 (Del. 2012).
[7] *Shelley v. State,* 2014 WL 5713236 (Del. Super. Oct. 27, 2014).
[8] D.I. 53.
[9] *Shelley v. State,* 2017 WL 2686551 (Del. Jun. 21, 2017).
[10] D.I. 63.
[11] *Shelley v. State,* 2017 WL 3122316 (Del. Jul. 17. 2107).
[12] D.I. 66.
[13] *Shelley v. State,* 2018 WL 3173852 (Del. Jun. 26, 2018).
[14] D.I. 74.
[15] *Shelley v. State,* 2018 WL 6331623 (Del. Dec. 3, 2018).
[16] *State v. Shelley*, 2019 WL 3248617 (Del. Super. July 12, 2019).
[17] *State v. Shelley*, 2019 WL 3458725 (Del. Super. July 31, 2019).
[18] *Shelley v. State,* 2020 WL 91816 (Del. Jan. 7, 2020).

this Court on January 28, 2020.[19] That denial was affirmed on June 30, 2020.[20] On March 26, 2021, Shelley filed a Motion for Bail Pending Appeal.[21] That motion was denied on April 5, 2021.[22] Shelley did not appeal. On December 4, 2023, this Court denied his Motion Pursuant to Rule 35 to Correct an Illegal Sentence.[23] That denial was affirmed on May 13, 2024.[24] On May 20, 2025, this Court denied a similar Motion to Correct an Illegal Sentence under Rule 35(a).[25] It denied another Motion to Correct an Illegal Sentence Pursuant to Rule 35(a) on June 12, 2025.[26] That denial was affirmed on October 27, 2025.[27] Another Motion to Correct an Illegal Sentence was denied on February 13, 2026.[28] His most recent Rule 35(a) motion to correct allegedly illegally imposed fees was granted in part and denied in part on April 14, 2026.[29] He has a postconviction relief motion pending.[30]

3. The current motion, again brought under Rule 35(a), alleges that Shelley's sentences are illegal because they violate double jeopardy.[31] Citing *Poteat*

---

[19] *State v. Shelley,* 2020 WL 4911441 (Del. Super. Jan. 28, 2020).
[20] *Shelley v. State,* 2020 WL 2989264 (Jun. 3, 2020).
[21] D.I. 96.
[22] D.I. 97.
[23] *State v. Shelley,* 2023 WL 8373204 (Del. Super. Ct. Dec. 4, 2023).
[24] *Shelley v. State,* 2024 WL 2148632 (Del. May 13, 2024).
[25] D.I. 112.
[26] *State v. Shelley,* 2025 WL 1664001 (Del. Super. Ct. June 12, 2025).
[27] *Shelley v. State,* 2025 WL 3012881 (Del. Oct. 27, 2025).
[28] D.I. 128.
[29] D.I. 134. (The Court vacated a $70.00 security fee, but left in place two other relatively small fees).
[30] D.I. 125.
[31] D.I. 135.

*v. State,*[32] and *State v. Bridgers,*[33] as well as comments made by the trial judge upon the return of the verdict,[34] Shelley contends that his convictions on two counts each of Robbery First Degree and PFDFC should merge because, quoting the trial judge, "'nothing was taken from the two employes'" only the cash register was robbed.[35]

4. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[36] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[37]

5. Shelley misconstrues both cases he cites as well as the trial judge's comments. The trial judge made no ruling that the charges should merge, but only asked the parties to "think about" whether they should.[38] In fact, they should not have merged. Neither *Poteat,* nor *Bridgers* holds otherwise. In *Poteat*, four masked gunmen entered a liquor store in Newark.[39] In the store at the time were the husband

---

[32] 840 A.2d 599 (Del. 2003).
[33] 988 A.2d 939 (Del. Super. Ct. Oct. 19, 2007) *aff'd. sub nom. Stater v. Bridgers,* 2009 WL 834536 (Del. May 30, 2009).
[34] D.I. 135, at Ex. 1.
[35] *Id.*
[36] Super. Ct. Crim. R. 35(a).
[37] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[38] *Id.*
[39] *Poteat,* 840 A.2d at 601.

and wife proprietors, their five-year old son, and one customer.[40]  Upon entering the store, the four gunman - with their weapons drawn - split up.[41]  Two went behind the counter where the wife was standing.[42]  One pointed a gun at her chest, the other at her head, telling her not to "do anything stupid."[43]  They then forced her to open the cash register and safe.[44]  The third and fourth gunmen went to the back of the store.[45] One gunman confronted the husband, while the other confronted the customer.[46]  With a gun to his head, the husband was forced to lie on the floor while the robber went through his pockets.[47]  The customer, too, was forced to lie on the floor, gun to his head, while he was robbed of some cash in his pockets.[48]

6.     Poteat was convicted of three counts of Robbery in the First Degree, three counts of PFDCF related to the robbery charges, three counts of Aggravated Menacing, and three counts of PFDCF related to the menacing charges.[49]  At trial, Poteat requested that the menacing charges and the related PFDCF charges be merged with the robbery charges and the PFDCF charges related to the robbery. The trial judge declined to merge the offenses.[50]

---

[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.* at 601-02.
[47] *Id.* at 602.
[48] *Id.*
[49] *Id.* at 601.
[50] *Id.*

7.     The issue before the Delaware Supreme Court was whether the charges of Aggravated Menacing merged into the charge of Robbery in the First Degree.[51] The Court concluded that the General Assembly intended for Aggravated Menacing to be a lesser-included offense of Robbery in the First Degree, resulting in the convictions for those separate crimes during the same occurrence merging.[52] The issue resolved in *Poteat* – whether Aggravated Menacing is a lesser included offence of Robbery First Degree - is not the issue Shelley raises here. Shelley argues that threatening the immediate use of force upon two employees to compel them to give him the property of their employer constitutes one robbery, not two. *Poteat* provides no support for that position.

8.     In *Bridgers*, the other case Shelley cites, the defendants robbed a bank, taking money from several bank employees and threatening several customers at gunpoint.[53] As the robbery unfolded, one defendant confronted nine customers at gunpoint.[54] The defendants did not take anything from them, but the customers were held at bay in order to prevent them from interfering in the robbery.[55] The jury convicted on all counts including those related to the customers from whom nothing was taken.[56] Post-trial, the defendants asked the court to reconsider whether, as a

---

[51] *Id.* at 603.
[52] *Id.*
[53] *State v. Bridgers*, 988 A.2d at 940.
[54] *Id.*
[55] *Id.*
[56] *Id.*

7

matter of law, threatening a bystander while robbing someone else also makes the bystander a robbery victim.[57] The Court held:

> Taking the cases from Delaware and elsewhere into account, the court assumes that anyone from whom property is taken by threat or force and anyone actively involved during a theft-in-progress, such as an arresting officer or a pursuing homeowner, may be a robbery victim. The court holds, however, that someone who is merely a threatened bystander has not been robbed. A threatened bystander is a victim of the violent, class E felony specifically meant to apply to armed threats - aggravated menacing - not a victim of robbery...Therefore, the robbery convictions as to the customers cannot stand.[58]

9. Here, however, the two robbery victims were not customers or bystanders. They were employees of the store, as Shelley acknowledges in his motion.[59] Under Delaware's law, each employee from whom he took money was a separate robbery victim. For example, in *Hamilton v. State*,[60] Hamilton entered a Wachovia Bank branch in Wilmington, carrying two backpacks.[61] He approached the bank manager, who asked Hamilton how she could help him.[62] Hamilton responded that "his family ... was being held, and that he had a bomb and gun and would use it if necessary because he needed money."[63] Hamilton ordered the manager

---

[57] *Id.*

[58] *Id.* at 944.

[59] D.I. 135 ("nothing was taken from the two employees").

[60] 970 WL 4597345 (Del. Oct. 16, 2008).

[61] *Id.* at *1.

[62] *Id.*

[63] *Id.*

8

to fill one of his backpacks with money, and then followed her to the teller area.[64] She instructed another bank employee who was behind the counter to fill the backpack.[65] That employee put money in the backpack and handed it to Hamilton, but he told the women that it was not full enough, so they went to another teller to get more money.[66] Hamilton again complained that the backpack was not full enough, but he was told that there was no more money, and he fled.[67] Hamilton was convicted of two robberies and he appealed, arguing that the trial court erred in denying his motion to merge the two robbery counts.[68] The Court affirmed his convictions on both counts, holding that it is settled law that, "multiple criminal counts are permitted in a single transaction when harm, such as that which occurs in a robbery, results to several persons."[69] There were two victims, both were threatened, and both participated in providing money to Hamilton.[70] Thus, Hamilton was properly charged with two robberies and the trial court correctly denied his motion to merge those charges.[71]

10. The operative principle, as the Delaware Supreme Court stated in *Washington v. State*,[72] is, "the language of the robbery statute demonstrates that

---

[64] *Id.*
[65] *Id.*
[66] *Id.*
[67] *Id.*
[68] *Id.*
[69] *Id.* at *2 (quoting Bass v. State, 2000 WL 1508724, at *3 (Del. Sept. 13, 2000)).
[70] *Id.*
[71] *Id.*
[72] 836 A.2d 485 (Del. 2003).

robbery is primarily a crime of physical violence against a person.[73]  Shelley threatened two people with the immediate use of force, as confirmed by his convictions for kidnapping both of them,  and, thus, there were two robberies.  The fact the property was taken from their employer does not alter that conclusion.

THEREFORE, Defendant Leroy Shelley's Motion to Correct an Illegal Sentence pursuant to Rule 35(a) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, Judge

oc:    Prothonotary
cc:    Investigative Services

---

[73] *Id.* at 490.